UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

DANIEL HAYDEN and HAYDENS )
INTERNATIONAL GYMNASTICS )
ACADEMY, INC., )
 )
      Plaintiffs/Counter-Defendants, )
 )
  v. )   Civil Action No.1:15-cv-020
 )
DENNIS HAYDEN and TANYA HAYDEN, )
 )
      Defendants/Counter-Plaintiffs, )
 )
  and )
 )
ROBERT GIANCROCE, )
 )
      Third-Party Defendant. )
 )

## MOTION TO DISMISS COUNTERCLAIMS

Plaintiffs/Counter Defendants move the Court, pursuant to Rules 12(b)(1) and (6) and 9(b) of the Federal Rules of Civil Procedure and the *forum non conveniens* doctrine, to dismiss four (4) out of six (6) of Defendants'/Counter Plaintiffs' counterclaims asserted against them for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted, this 19th day of March, 2015.

                                          s/ J. Brian King
                                          J. Brian King
                                          Georgia Bar No. 420948

                                          s/ John A. Donsbach
                                          John A. Donsbach
                                          Georgia Bar No. 225827

                                          Attorneys for Plaintiffs

Donsbach & King, LLC
P.O. Box 212139
Martinez, Georgia  30917-2139
Telephone:  (706) 650-8750
Facsimile:  (706) 651-1399
Email:  bking@donsbachking.com
        jdonsbach@donsbachking.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., ) ) ) ) Plaintiffs/Counter-Defendants, ) ) v. ) ) DENNIS HAYDEN and TANYA HAYDEN, ) ) Defendants/Counter-Plaintiffs, ) ) and ) ) ROBERT GIANCROCE, ) ) Third-Party Defendant. ) ) | Civil Action No.1:15-cv-020 |

**MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO DISMISS COUNTERCLAIMS</u>**

Plaintiffs move the Court, pursuant to Rules 12(b)(1) and (6) and 9(b) of the Federal Rules of Civil Procedure and the *forum non conveniens* doctrine, to dismiss four (4) out of six (6) of Defendants' counterclaims. Defendants' claim against Plaintiffs for breach of the confidentiality provisions of the settlement agreement in a prior case in Columbia County Superior Court should be dismissed pursuant to the *forum non conveniens* doctrine because the settlement agreement contains a forum-selection clause providing that the claim can only be brought in either Columbia County Magistrate Court or Superior Court. This Court lacks subject matter jurisdiction over Defendants' claims for indemnification and specific performance because they are not ripe for adjudication since the payments alleged to be owed are not yet due. Defendants' claim against Plaintiffs for fraud fails

3

to state a claim upon which relief can be granted because it fails to state with particularity the circumstances constituting fraud.

I. FACTUAL BACKGROUND

On May 14, 2014, Plaintiffs and Defendants entered into a Settlement Agreement and Mutual Release settling a lawsuit in Columbia County Superior Court. As part of the confidential settlement agreement, Defendants entered into a Stock Purchase Agreement with Plaintiffs which included payment for the stock of the company, a portion of which is to be paid by a Promissory Note in the amount of $75,000. As part of the Stock Purchase Agreement, Plaintiffs also entered into a Non-Competition/Non-Solicitation/Non-Disparagement/Confidentiality Agreement ("Non-Competition Agreement").

This action was brought by Plaintiffs alleging breach by Defendants of the Non-Competition Agreement. Plaintiffs' claims are for breach of contract and unjust enrichment. Plaintiffs seek actual damages, liquidated damages, and an injunction against Defendants. Plaintiffs also seek a declaration that the restrictive covenants contained in the Agreement tolled the running of the restrictions from November 28, 2014 until this case is resolved.

In response, Defendants filed counterclaims against Plaintiffs alleging anticipatory breach of the Promissory Note, seeking indemnification under the Stock Purchase Agreement, asking for specific performance under the Stock Purchase Agreement and the Promissory Note, claiming that Plaintiffs' claims constitute frivolous litigation, claiming breach of the confidentiality provisions of the settlement agreement, and claiming fraud by Plaintiffs.

II. MOTION TO DISMISS STANDARD

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

4

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Id. at 558 (citations omitted).

"To obtain dismissal for *forum non conveniens*, '[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" GDG Acquisitions, LLC v. Gov't of Belize, 749 F.3d 1024, 1028 (11th Cir. 2014) (citing Leon v. Millon Air, Inc., 251 F.3d 1305, 1310-11 (11th Cir. 2001)). "A binding forum-selection clause requires the court to find that the *forum non conveniens* private factors entirely favor the selected forum." Id. at 1029. "'[T]he practical result is that forum-selection clauses should control except in unusual cases.'" Id. (citing Atl. Marine Constr. Co. v. United States Dist. Court, 134 S.Ct. 568, 582 (2013)). Atl. Marine Constr. Co. v. United States Dist. Court, 134 S.Ct. at 583.

### III.  ARGUMENT

A.  <u>Defendants' claim for breach of the confidentiality provisions of the settlement agreement should be dismissed pursuant to the *forum non conveniens* doctrine.</u>

The settlement agreement, which is attached to Defendants' answer and counterclaims as Exhibit D-1 (Docket #8-1), contains a forum-selection clause. Pursuant to that clause, Defendants' counterclaim for breach of the confidentiality provisions of the settlement agreement can only be brought in either Columbia County Magistrate Court or Superior Court. Section 12 of the settlement agreement provides:

5

> Governing Law, Venue, and Personal Jurisdiction. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia regardless of the residence or domicile, now or in the future, of any party hereto and notwithstanding any conflicts of laws. Venue shall lie exclusively in Columbia County, Georgia. Any dispute arising out of or related to this Agreement may only be heard in either the Magistrate Court of Columbia County or the Superior Court of Columbia County. The Parties agree to consent to personal jurisdiction in those courts if such a dispute arises.

Federal courts routinely enforce forum-selection clauses. See Atl. Marine Constr. Co. v. United States Dist. Court, 134 S.Ct. at 583 ("In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain."). Applying the *forum non conveniens* factors in this case: (1) the state courts of Columbia County are an adequate alternative forum that is available, (2) the public and private factors weigh in favor of dismissal, and (3) Defendants can file suit in Columbia County without undue inconvenience or prejudice. Due to the forum-selection clause, the private factors entirely favor the selected forum. The public factors also favor Columbia County, where the prior case was pending and later settled. Therefore, because of the forum-selection clause in the settlement agreement, this Court should dismiss Defendants' claim for breach of the settlement agreement.

B. <u>Defendants' claims for indemnification and specific performance should be dismissed because this Court lacks subject matter jurisdiction over the claims.</u>

Defendants' counterclaims for indemnification and specific performance seek payments under the Stock Purchase Agreement and the Promissory Note that are not yet due and costs and attorneys' fees related to a default in the payments that has not occurred. Pursuant to Section 2.5 of the Stock Purchase Agreement, which is attached to Defendants' answer and counterclaims as Exhibit D-2 (Docket #8-2), Plaintiffs are to pay annual payments of $25,000 over three (3) years on April 30 of each year, commencing on April 30, 2015. The first payment has not become due. Therefore, Defendants' claims for indemnification and specific performance are not ripe. This

6

Article III Court lacks jurisdiction over claims that are not ripe.  See Prescott v. Florida, 343 Fed. Appx. 395, 399 (11th Cir. 2009) (affirming dismissal of Takings Clause claim because it was not ripe).

    C.    <u>Defendants' claim for fraud should be dismissed because Defendants fail to state with particularity the circumstances constituting fraud.</u>

Defendants' counterclaim for fraud fails to state with particularity the circumstances constituting fraud.  Rule 9(b) of the Federal Rules of Civil Procedure states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Defendants fail to assert details of the alleged fraud, such as the content of the misstatements that were made, in what documents or oral representations the misstatements were made, the person responsible for making each misstatement, the date, time, and place of the misstatements, the manner in which the statements misled Defendants, and how Plaintiffs allegedly knew the statements were false.  See City of Fort Lauderdale v Scott, 773 F. Supp.2d 1355, 1363 (S.D.Fla. 2011) (dismissing counter-plaintiffs' fraud claims against city because allegations as to date, time, or place had to be alleged in counterclaim, not buried in attachment or discussed in a brief) (citing Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).  Therefore, Defendants' fraud claim should be dismissed.  In the alternative, the Court should require Defendants to provide a more definite statement under Rule 12(f) of the Federal Rules of Civil Procedure, with particularity as to the circumstances constituting fraud.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the counterclaims discussed above for failure to state a claim for which relief can be granted.

Respectfully submitted, this 19th day of March, 2015.

                                            s/ J. Brian King
                                            J. Brian King
                                            Georgia Bar No. 420948

                                            s/ John A. Donsbach
                                            John A. Donsbach
                                            Georgia Bar No. 225827

                                            Attorneys for Plaintiffs
                                            Donsbach & King, LLC
                                            P.O. Box 212139
                                            Martinez, Georgia 30917-2139
                                            Telephone: (706) 650-8750
                                            Facsimile: (706) 651-1399
                                            Email: bking@donsbachking.com
                                                        jdonsbach@donsbachking.com

CERTIFICATE OF SERVICE

This is to certify that on this 19th day of March, 2015, the undersigned filed the foregoing MOTION TO DISMISS COUNTERCLAIMS and MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS with the Clerk of Court using the CM/ECF system which will automatically send e-mail notifications of the filing to all counsel of record.

s/ J. Brian King<br>
J. Brian King