UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., | ) ) ) ) |
| Plaintiffs/Counter-Defendants, | ) ) |
| v. | ) Civil Action No.1:15-cv-020 ) |
| DENNIS HAYDEN and TANYA HAYDEN, | ) ) |
| Defendants/Counter-Plaintiffs, | ) ) |
| and | ) ) |
| ROBERT GIANCROCE, | ) ) |
| Third-Party Defendant. | ) ) |

**ANSWER TO COUNTERCLAIMS**

Counter-Defendants file their Answer to Counter-Plaintiffs' Counterclaims in the above-styled civil action. Counter-Defendants respond specifically to the allegations contained in the numbered paragraphs of the Counterclaims as follows:

1. Counter-Defendants admit the allegations of paragraph 1.

2. Counter-Defendants admit the allegations of paragraph 2.

3. Counter-Defendants admit the allegations of paragraph 3.

4. Counter-Defendants admit the allegations of paragraph 4.

5. Counter-Defendants reiterate and reallege paragraphs 1 through 4 as though set forth herein verbatim.

1

6. Counter-Defendants admit the allegations of paragraph 6.

7. Counter-Defendants admit that they filed this lawsuit on February 5, 2015. Defendants deny that the allegations of paragraph 7 completely and accurately reflect the contents of the Complaint, and respectfully refer the Court to that document for a complete and accurate statement of its contents. Therefore, Counter-Defendants deny the allegations of paragraph 7.

8. Counter-Defendants deny that the allegations of paragraph 8 completely and accurately reflect the contents of the Promissory Note, and respectfully refer the Court to that document for a complete and accurate statement of its contents. Therefore, Counter-Defendants deny the allegations of paragraph 8.

9. Counter-Defendants deny the allegations of paragraph 9.

10. Counter-Defendants deny the allegations of paragraph 10.

11. Counter-Defendants deny the allegations of paragraph 11.

12. Counter-Defendants reiterate and reallege paragraphs 1 through 11 as though set forth herein verbatim.

13. Counter-Defendants deny that the allegations of paragraph 13 completely and accurately reflect the contents of the Stock Purchase Agreement, and respectfully refer the Court to that document for a complete and accurate statement of its contents. Therefore, Counter-Defendants deny the allegations of paragraph 13.

14. Counter-Defendants deny that the allegations of paragraph 14 completely and accurately reflect the contents of the Stock Purchase Agreement, and respectfully refer the Court to that document for a complete and accurate statement of its contents. Therefore, Counter-Defendants deny the allegations of paragraph 14.

15. Counter-Defendants deny that the allegations of paragraph 15 completely and accurately reflect the contents of the Stock Purchase Agreement, and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Therefore, Counter-Defendants deny the allegations of paragraph 15.

16. Counter-Defendants deny that the allegations of paragraph 16 completely and accurately reflect the contents of the Stock Purchase Agreement, and respectfully refer the Court to that document for a complete and accurate statement of its contents.  Therefore, Counter-Defendants deny the allegations of paragraph 16.

17. Counter-Defendants deny the allegations of paragraph 17.

18. Counter-Defendants deny the allegations of paragraph 18.

19. Counter-Defendants reiterate and reallege paragraphs 1 through 18 as though set forth herein verbatim.

20. Counter-Defendants deny that the allegations of paragraph 20 completely and accurately reflect the contents of the Stock Purchase Agreement and Promissory Note, and respectfully refer the Court to those documents for a complete and accurate statement of their contents.  Therefore, Counter-Defendants deny the allegations of paragraph 20.

21. Counter-Defendants reiterate and reallege paragraphs 1 through 20 as though set forth herein verbatim.

22. Counter-Defendants deny the allegations of paragraph 22.

23. Counter-Defendants deny the allegations of paragraph 23.

24. Counter-Defendants deny the allegations of paragraph 24.

25. Counter-Defendants reiterate and reallege paragraphs 1 through 24 as though set forth herein verbatim.

26. Counter-Defendants deny that the allegations of paragraph 26 completely and accurately reflect the contents of the Settlement Agreement and Mutual Release, and respectfully refer the Court to that document for a complete and accurate statement of its contents. Therefore, Counter-Defendants deny the allegations of paragraph 26.

27. Counter-Defendants deny that the allegations of paragraph 27 completely and accurately reflect the contents of the Settlement Agreement and Mutual Release, and respectfully refer the Court to that document for a complete and accurate statement of its contents. Therefore, Counter-Defendants deny the allegations of paragraph 27.

28. Counter-Defendants deny the allegations of paragraph 28.

29. Counter-Defendants deny the allegations of paragraph 29.

30. Counter-Defendants reiterate and reallege paragraphs 1 through 29 as though set forth herein verbatim.

31. Counter-Defendants deny the allegations of paragraph 31.

32. Counter-Defendants deny the allegations of paragraph 32.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Counter-Defendants deny each and every allegation in Counter-Plaintiffs' counterclaims except as specifically admitted herein.

### SECOND DEFENSE

Counter-Plaintiffs' counterclaims fail to state a cause of action against Counter-Defendants upon which relief can be granted.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction over Counter-Plaintiffs' counterclaims.

## FOURTH DEFENSE

This Court is an improper venue for Counter-Plaintiffs' counterclaims.

## FIFTH DEFENSE

Counter-Plaintiffs' claims of fraud should be dismissed because Counter-Plaintiffs failed to state the circumstances constituting the alleged fraud with sufficient particularity.

## SIXTH DEFENSE

Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## SEVENTH DEFENSE

Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE

Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

## NINTH DEFENSE

Counter-Plaintiffs' claims are barred, in whole or in part, due to fraud and/or illegality.

## TENTH DEFENSE

Counter-Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH DEFENSE

Counter-Plaintiffs' claims are barred, in whole or in part, due to failure of consideration.

## TWELFTH DEFENSE

Counter-Defendants are entitled to setoff for payment that has not been properly credited in this matter.

THIRTEENTH DEFENSE

Counter-Plaintiffs may not recover from Counter-Defendants because Counter-Plaintiffs' damages, if any, are the result of the intervening and unforeseen acts and omissions of a third person of which Counter-Defendants had no control.

FOURTEENTH DEFENSE

Counter-Plaintiffs' claims are barred, in whole or in part, by Counter-Plaintiffs' own negligence, breach of duty, or lack of reasonable diligence or care, or by the negligence, breach of duty, or lack of reasonable diligence or care of persons or entities acting on Counter-Plaintiffs' behalf.

FIFTEENTH DEFENSE

Counter-Plaintiffs' claims are barred, in whole or in part, because Counter-Defendants have been released from any obligation to Counter-Plaintiffs.

This 19th day of March, 2015.

    s/ J. Brian King
J. Brian King
Georgia Bar No. 420948

    s/ John A. Donsbach
John A. Donsbach
Georgia Bar No. 225827

Attorneys for Counter-Defendants
Donsbach & King, LLC
P.O. Box 212139
Martinez, Georgia  30917-2139
Telephone:  (706) 650-8750
Facsimile:  (706) 651-1399
Email:  bking@donsbachking.com
       jdonsbach@donsbachking.com

CERTIFICATE OF SERVICE

This is to certify that on this 19th day of March, 2015, the undersigned filed the foregoing ANSWER TO COUNTERCLAIMS with the Clerk of Court using the CM/ECF system which will automatically send e-mail notifications of the filing to all counsel of record.

                s/ J. Brian King
                J. Brian King