IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DANIEL HAYDEN and HAYDENS )
INTERNATIONAL GYMNASTICS ACADEMY, )
INC., )
    *Plaintiffs/Counter-Defendants*, )
) Case No. 1:15-cv-020
v. )
) *Jury Trial Demanded*
DENNIS HAYDEN and TANYA HAYDEN, )
    *Defendants/Counter-Plaintiffs*, )
)
And )
)
ROBERT GIANCROCE, )
    *Third-Party Defendant*. )

**DEFENDANTS/COUNTER-PLAINTIFFS' OPPOSITION TO
PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS**

COME NOW Defendants/Counter-Plaintiffs Dennis Hayden and Tanya Hayden ("*Defendants*"), by and through their counsel of record, and file this their Opposition to Plaintiffs/Counter-Defendants' Motion to Dismiss Counterclaims, pursuant to the Local Rules of the Southern District of Georgia, namely, L.R. 7.5, and respectfully showing this Honorable Court the following:

I. FACTUAL BACKGROUND

On or around May 14, 2014, Defendants, Plaintiffs/Counter-Defendants ("*Plaintiffs*"), Third-Party Defendant Robert Giancroce and Loretta Giancroce executed a series of documents settling a lawsuit that had been pending for months in the Superior Court of Columbia County. The main settlement document was the Settlement Agreement and Mutual Release (a copy of which was attached to Defendants' Answer, Defenses, Counterclaim and Third-Party Complaint

1

("*Defendants' Answer*") as Exhibit D-1). The Settlement Agreement and Mutual Release (the "*Settlement Agreement*") had two (2) exhibits attached to and incorporated into it, specifically: (*i*) Exhibit A: Stipulation of Voluntary Dismissal with Prejudice, and (*ii*) Exhibit B: Stock Purchase Agreement (attached to Defendant's Answer as Exhibit D-2). Then, the Stock Purchase Agreement contained the following nine (9) exhibits:

(1) Exhibit A: Share Certificate Numbers 1 and 4;

(2) Exhibit B: Promissory Note and Unconditional Guaranty (a copy of which was attached to Defendant's Answer as Exhibit D-3);

(3) Exhibit C: Company Certificate of Existence;

(4) Exhibit D: Issued and Outstanding Shares;

(5) Exhibit E: Mutual Release and Resignation;

(6) Exhibit F: Non-Compete/Non-Solicitation/Non-Disparagement/Confidentiality Agreement (a copy of which was attached to Plaintiffs' Complaint as Exhibit A);

(7) Exhibit G: List of Loans and Guarantees;

(8) Exhibit H: Financial Statements; and

(9) Exhibit I: Written Consent.

## II. MOTION TO DISMISS STANDARD

"To obtain a dismissal for *forum non conveniens*, '[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" GDG Acquisitions, LLC v. Gov't of Belize, 749 F.3d 1024, 1028 (11th Cir. 2014) (citing Leon v. Millon Air, Inc., 251 F.3d 1305, 1310-11 (11th Cir. 2001)).

A motion to dismiss should not be granted unless "the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof[.]" (Citation omitted.) Austin v. Clark, 294 Ga. 773, 774-775, 755 S.E.2d 796 (2014). *See also,* Anderson v. Flake, 267 Ga. 498, 501, 480 S.E.2d 10 (1997). Therefore, the movant must establish that the respondent cannot possibly introduce evidence within the allegations of the complaint entitling him to the relief sought. Austin, 294 Ga. at 774-775; Stafford v. Gareleck, No. A14A2088 (Ga. App. Feb. 24, 2015).

### III. ARGUMENT AND CITATION OF AUTHORITY

A. <u>Defendants' Counterclaim for Breach of Confidentiality of the Settlement Agreement Should Not be Dismissed</u>.

    1.    *<u>Defendants' Counterclaim is a Compulsory Counterclaim</u>*.

Defendants' counterclaim for breach of confidentiality is a compulsory counterclaim because it is fundamentally rooted in the same transaction and transactional documents upon which Plaintiffs' claims are based.

Fed. R. Civ. P. 13(a) requires a party to assert as a counterclaim any cause of action that is available against the opposing party that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1) provides:

> A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

For a claim to qualify as a compulsory counterclaim, "there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the

counterclaim 'bears a logical relationship to an opposing party's claim.'" Transamerica Occidental v. Aviation Office, 292 F.3d 384, 389 (3rd Cir. 2002) (citing Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir. 1978)). "The concept of a 'logical relationship' has been viewed liberally to promote judicial economy." Id. Thus, a logical relationship between claims exists where separate trials on each of the claims would "involve a substantial duplication of effort and time by the parties and the courts." Id. Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties. Id. In short, the objective of Rule 13(a) is to promote judicial economy, so the term "transaction or occurrence" is construed generously to further this purpose.

Plaintiffs' claims all stem from an alleged breach of the Non-Compete/Non-Solicitation/Non-Disparagement/Confidentiality Agreement (the "*Non-Compete Agreement*"). The Non-Compete Agreement was entered into by all Plaintiffs and all Defendants. The Non-Compete Agreement was one of twelve (12) documents or exhibits comprising the settlement documents between the parties to resolve a prior-filed lawsuit. The settlement of that lawsuit and the execution of the documents and exhibits were finalized in a transaction that closed on May 14, 2014. Defendants' counterclaim is premised upon a breach of a confidentiality provision contained in the Settlement Agreement. Thus, Defendants' counterclaim is based upon a related settlement document that was part of the *same transaction* between the same parties resolving their prior disputes.

Additionally, Defendants' counterclaim has been asserted only against Plaintiff Daniel Hayden. Since this person is already a party to the lawsuit, Defendants' counterclaim does not require adding another party over whom the court cannot acquire jurisdiction. As a result,

4

Defendants' counterclaim is a compulsory one and should not be dismissed.

Federal courts have held that the failure to plead a compulsory counterclaim bars a later independent action on that claim. Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974); New York Life Ins. Co. v. Deshotel,142 F.3d 873, 882 (5th Cir. 1998); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1417, at 147 (3d ed. 2010). Thus, had Defendants not asserted their counterclaim here, there is a strong likelihood that Plaintiffs would have opposed such a claim were it later brought in state court. Therefore, Defendants would have been precluded from ever bringing this claim. Accordingly, this court should retain jurisdiction over the counterclaim to avoid such an unfair application of claim preclusion.

2.  *Plaintiffs Have Failed to Establish That This Court Would be an Inconvenient Forum for Plaintiffs to Answer to the Counterclaim*.

Plaintiffs have failed to show that dismissal of Defendants' counterclaim is necessary due to the *forum non conveniens* doctrine. Plaintiffs have the burden of demonstrating that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the Defendants can reinstate their counterclaims in an alternative forum without undue inconvenience or prejudice." GDG Acquisitions, LLC v. Gov't of Belize, 749 F.3d 1024, 1028 (11th Cir. 2014) (citing Leon v. Millon Air, Inc., 251 F.3d 1305, 1310-11 (11th Cir. 2001)). Plaintiffs have not carried their burden and have not demonstrated that the *forum non conveniens* factors favor a dismissal of Defendants' counterclaims.

Examining the first factor, Plaintiffs have merely alleged that a forum selection clause requires Defendants to bring their *counterclaims* in the state courts in Columbia County, Georgia. While it is true that a forum selection clause exists, this situation is different than one in which

5

the Defendants were (as plaintiffs) bringing an initial suit. In this case the lawsuit was initiated by *Plaintiffs* in a forum of their choosing. This lawsuit is proceeding without issue so Plaintiffs' objection to a compulsory counterclaim seems, well, much ado about nothing. Since Plaintiffs selected this forum, it is difficult to comprehend how this forum would be inconvenient to them.

Further, when the Non-Compete Agreement was signed, none of the parties imagined that federal diversity jurisdiction would be created by Defendants moving hundreds of miles from Columbia County, Georgia in an effort to start a new life apart from the gymnastics academy they founded over twenty (20) years ago.

As for the second factor, Plaintiffs have failed to establish that this factor weighs in favor of dismissal of the counterclaim because Plaintiffs presented *no real analysis* of the relevant public and private factors. Plaintiffs' treatment of this second factor in their brief was cursory at best. For this reason alone, Plaintiffs' motion to dismiss this counterclaim should be denied.

Additionally, the private interest factors do *not* weigh in favor of dismissal. Private interests factors include location of proof, availability of compulsory process, and other practical problems. Leon v. Millon Air, Inc., 251 F.3d 1305, 1310 (11th Cir. 2001). "[B]alancing the private interests requires determining the convenience of the parties, affording domestic plaintiffs 'a strong presumption' that their forum choice is sufficiently convenient …." Id. at 1311.

The location of evidence and proof is the same whether the counterclaim proceeds in federal court in Augusta, or whether it is brought in state court in Columbia County. Most, if not all, of the documents related to the claims were attached to Plaintiffs' Complaint and Defendants' Answer and are already before this honorable Court. The availability of compulsory process is likewise the same as the Plaintiffs reside in this judicial district and have availed

6

themselves of this court. In fact, there should be no practical problems in maintaining the counterclaim as part of this suit.

Perhaps most importantly, in balancing private interests, courts afford "domestic plaintiffs 'a strong presumption' that their forum choice is sufficiently convenient." Leon, 251 F.3d at 1311. Here, Defendants have not opposed Plaintiffs' forum choice in this federal court. Indeed, Plaintiffs would be hard pressed to argue that it is inconvenient for them to address and resolve all related claims in this one lawsuit. Rather, Plaintiffs' motion to dismiss this counterclaim seems to be merely an effort to make the defense of this lawsuit more troublesome, expensive and aggravating than it already is. Accordingly, the private interest factors do **not** weigh in favor of dismissal.

The public interest factors also do *not* weigh in favor of dismissal. Public interests factors include "administrative difficulties stemming from court congestion, the interest in having local controversies decided in their home forum and the interest in having laws determined by their home tribunal." Leon, 251 F.3d at 1310. Here, it would be duplicative and wasteful of judicial resources for a federal court *and* a state court in Columbia County, Georgia to review the same documents related to the same parties and the same transaction for related claims. Separating this counterclaim from the Plaintiffs' claims would *only* **add** to court congestion and create additional administrative burdens by requiring the same parties and their counsel to appear and argue claims stemming from the same transaction in different forums in front of different judges for cases on different dockets. Thus, the public factors weigh ***strongly against*** dismissal.

The last factor to be considered is whether the claims can be reinstated in an alternative forum without undue inconvenience or prejudice. In this instance, the Defendants would be

unduly inconvenienced and unfairly prejudiced if required to file yet another lawsuit in Columbia County, Georgia for breach of the confidentiality of the Settlement Agreement.  It would be an inconvenience for these *out-of-state* Defendants to refile a lawsuit, then secure the same witnesses to appear in two courts, presenting, reviewing and arguing about identical documents and for the court systems to hear such related claims.  Expending such duplicative time, expense and resources.  Additionally, as described above, Defendants' may be precluded from bringing their counterclaim in state court, which would result in an unfair prejudice against Defendants.  Thus, this final factor weighs ***against*** dismissal of Defendants' counterclaim.

Therefore, Plaintiffs have *not* met their burden in demonstrating that the *forum non conveniens* factors weigh in favor of a dismissal.  Accordingly, this court should not dismiss Defendants' claim against Plaintiff Daniel Hayden for breach of the Settlement Agreement.

B. <u>Defendants' Counterclaims for Indemnification and Specific Performance Should Not be Dismissed</u>.

Plaintiffs allege that Defendants' counterclaims for indemnification and specific performance are not ripe as the first payment of $25,000 is not due to be made to the Defendants April 30, 2015.  In support of this basis, Plaintiffs cite <u>Prescott v. Florida</u>, 343 Fed. App. 395 (11th Cir. 2009).  However, that case was dismissed for not being ripe because "Florida property owner[s] must pursue a reverse condemnation remedy in state court before [a] federal takings claim will be ripe…"  Thus, that case is readily distinguishable from the situation at hand.  Here, Defendants are *not* required to pursue a state remedy before bringing claims for indemnification or specific performance.  Furthermore, Defendants' counterclaims are based upon their reasonable and good faith belief that Plaintiffs will not pay the amounts at the end of this month

8

as previously agreed.

In Dunkin' Donuts of America, Inc. v. Minerva, Inc., 956 F.2d 1566, 1582 (11th Cir. 1992), the court found that a basis for a jury award was that Dunkin' had committed a breach of contract by *anticipatory repudiation*. The court went on to say that "The Restatement (Second) of Contracts states, 'Where an obligor repudiates a duty before he has committed a breach by non-performance and before he has received all of the agreed exchange for it, his repudiation alone gives rise to a claim for damages for total breach.'" Dunkin', 956 F.2d at 1582.

Here, Defendants show that the mere filing of this lawsuit is clear indication of Plaintiff Daniel Hayden's repudiation of his obligation to pay the Promissory Note. In fact, Defendants believe that the Plaintiffs' entire lawsuit has been initiated as a mechanism to avoid the payment obligation under the Promissory Note and other settlement documents. This belief seems well-founded because Plaintiffs' Complaint is based upon scant evidence (*i.e.*, a single Facebook post), which, even if taken as true, does **not** rise to the level of an impermissible solicitation. Thus, there is no evidence of a violation of the Non-Compete Agreement, which, again, indicates that there must be some other motivation.

Additionally, Defendants show that the timing of the filing of this lawsuit is extremely curious - and telling - as the deadline for the first payment is rapidly approaching. Due to the anticipatory breach of Plaintiffs, to avoid making any payments owed to the Defendants, the counterclaims for indemnification and specific performance should **not** be dismissed by this honorable court.

Lastly on this point, Fed. R. Civ. P. 13(e) allows "a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Thus, even if these counterclaims were to be dismissed prior to April 30, should

Plaintiff Daniel Hayden not make the $25,000 payment on time, Defendants could supplement their earlier pleadings to add the same counterclaims that are currently before this court. As a result, it seems wasteful to dismiss counterclaims based upon anticipatory repudiation only to allow them to be added in less than a month.

C. Defendants' Counterclaim for Fraud Should Not be Dismissed as Sufficient Details Have Been Pled.

Defendants' counterclaim for fraud has been pled with sufficient detail to survive a motion to dismiss. Although Fed. R. Civ. P. 9(b) requires that claims of fraud be pled with particularity, "a complaint alleging fraud should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief." Roberts v. Nessim, 297 Ga. App. 278, 284-285, 676 S.E.2d 734 (2009). Pursuant to Fed. R. Civ. P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

The Eleventh Circuit Court of Appeals has stated that:

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

City of Fort Lauderdale v. Scott, 773 F.Supp.2d 1355, 1363 (S.D. Fla. 2011) (citing Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)). "The particularity requirement may be relaxed for allegations of 'prolonged multi-act schemes.'" Burgess v. Religious Tech. Ctr., Inc., No. 14-11214 (11th Cir. Jan. 26, 2015) (citing U.S. ex rel. Clausen v. Lab. Corp. of Am.,

10

Inc., 290 F.3d 1301, 1314 n.25 (11th Cir. 2002)).

> "The relaxed standard permits a plaintiff to plead the overall nature of the fraud and then to allege with particularity one or more illustrative instances of the fraud. Even under the relaxed requirement, however, a plaintiff is still required to allege at least some particular examples of fraudulent conduct to lay a foundation for the rest of the allegations of fraud."

Burgess v. Religious Tech. Ctr., Inc., No. 14-11214 (11th Cir. Jan. 26, 2015) (citing U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1314 (11th Cir. 2002)).

In the counterclaim, Defendants provided examples of Plaintiff Daniel Hayden's misrepresentations about the Stock Purchase Agreement and the Promissory Note to lay the foundations for, and put Plaintiffs on notice about, the allegation of fraud. Additionally, Defendants clearly stated that Plaintiff Daniel Hayden is the person responsible for making such misrepresentations and that such misrepresentations were made about specific documents, namely, the Stock Purchase Agreement and Promissory Note. The counterclaim also specifically alleged that Plaintiff Daniel Hayden had no intent to pay the amounts he promised to pay. Further, Defendants stated that Plaintiff Daniel Hayden's statements were made for the purpose of inducing Defendants into selling their stock and effectuating the stock purchase transaction. Defendants also specifically alleged that Plaintiff Daniel Hayden obtained Defendants' participation as a consequence of his fraud.

The gist of Defendants' counterclaim for fraud was that Defendants settled their prior-filed lawsuit, sold their shares in a gymnastics academy they founded and accepted a Promissory Note in partial payment based on alleged misrepresentations of Plaintiff Daniel Hayden that the Promissory Note would be paid as agreed. Additionally, because fraud is subtle and difficult to prove directly, it may be established by "slight circumstances." Weatherly v. Weatherly, 292 Ga. App. 879, 883, 665 S.E.2d 922 (2008). "Moreover, it is peculiarly the province of the jury to

pass on these circumstances showing fraud." Kilroy v. Alpharetta Fitness, 295 Ga. App. 274, 279, 671 S.E.2d 312 (2008); *see also*, Hewitt Associates v. Rollins Inc., 308 Ga. App. 848, 708 S.E.2d 697 (2011). Accordingly, it seems premature to dismiss Defendants' counterclaim for fraud at this state in the litigation. At worst, Defendants should be allowed the opportunity to provide more specific allegations as to the facts and circumstances of Plaintiff Daniel Hayden's fraud.

## CONCLUSION

For the foregoing reasons, the Court should deny entirely the Plaintiffs/Counter-Defendants' Motion to Dismiss Counterclaims.

Respectfully submitted, April 2, 2015.

/s/  Timothy E. Moses
Timothy E. Moses
Georgia Bar No. 526535

*Attorney for Defendants/Counter-Plaintiffs*

Moses Law Group, LLC
1030 Stevens Creek Road, Suite 140
Augusta, Georgia 30907-3204
Telephone: (706) 860-8030
TEM@moseslawgroup.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

|  |  |
|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., <br>     *Plaintiffs/Counter-Defendants*, <br><br> v. <br><br> DENNIS HAYDEN and TANYA HAYDEN, <br>     *Defendants/Counter-Plaintiffs*, <br><br> And <br><br> ROBERT GIANCROCE, <br>     *Third-Party Defendant*. | Case No. 1:15-cv-020 <br><br> *Jury Trial Demanded* |

### Certificate of Service

The undersigned hereby certifies that the foregoing Response to Plaintiffs/Counter-Defendants' Motion to Dismiss Counterclaims was filed via the Court's electronic CM/ECF filing system, which will serve the document via e-mail to the following counsel of record for Plaintiffs:

    John Donsbach                           Brian King
    jdonsbach@donsbachking.com     bking@donsbachking.com

Respectfully submitted, this 2nd day of April, 2015.

                                         /s/ Timothy E. Moses
                                         Timothy E. Moses
                                         Georgia Bar No. 526535

                                         *Attorney for Defendants/Counter-Plaintiffs*

                                         Moses Law Group, LLC
                                         1030 Stevens Creek Road, Suite 140
                                         Augusta, Georgia 30907-3204
                                         Telephone: (706) 860-8030
                                         TEM@moseslawgroup.com