IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., | ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | CV 115-020 |
| DENNIS HAYDEN and TANYA HAYDEN, | ) ) | |
| Defendants/Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| ROBERT GIANCROCE, | ) ) | |
| Third-Party Defendant. | ) | |

_____

**O R D E R**
_____

The Court **DENIES** the motion to escrow note payments (doc. no. 24) because the request falls outside the scope of Fed. R. Civ. P. 67 and is not authorized by the subject non-compete agreement. The Court **GRANTS** Defendants leave of Court to add a counterclaim for nonpayment of an installment payment due on a promissory note (doc. no. 30) because Defendants diligently pursued the counterclaim, and Plaintiffs have failed to show that adding the counterclaim is futile.

**I.    MOTION TO ESCROW NOTE PAYMENTS**

On May 14, 2014, the parties executed a series of agreements in connection with settlement of a lawsuit in the Superior Court of Columbia County, including a stock purchase

agreement, non-compete agreement, and promissory note.  (See generally doc. no. 1, Compl.)  The stock purchase agreement and promissory note obligate Plaintiff Daniel Hayden to pay Defendants a total of $75,000 in three installment payments of $25,000 due on April 30 of 2015, 2016, and 2017.  (Id.)  In the present motion, filed two weeks before the April 30 due date for the first installment, Plaintiffs ask to deposit into the Court registry all payments coming due during the pendency of this litigation.  (Doc. no. 24.)  Contending that Defendants have breached the non-compete agreement, Plaintiffs argue that an offset clause in the liquidated damages provision of that agreement authorizes escrow of the payments on the promissory note.

Rule 67(a) provides as follows:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party- on notice to every other party and by leave of court- may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

While Rule 67 "provides a place of safekeeping for disputed funds pending the resolution of a legal dispute, . . . it cannot be used as a means of altering the contractual relationships and legal duties of the parties."  LTV Corp. v. Gulf States Steel, Inc., 969 F.2d 1050, 1063 (D.C. Cir. 1992).

Here, the promissory note unambiguously and indisputably obligates Plaintiff Daniel Hayden to pay Defendants $75,000 in three equal installments of $25,000, with the first installment due on April 30, 2015.  (Doc. no. 8, Ex. D-3.)  It is true, as Plaintiffs point out, that the liquidated damages provision of the non-compete agreement allows Plaintiff Daniel Hayden to offset any liquidated damages owed for breach of the non-compete agreement

2

against any balance "due and payable" on the promissory note. (Doc. no. 1, Ex. A, ¶ 5.) Critically, however, the right of offset is triggered only "if it is determined by a court of competent jurisdiction that [Defendants] have violated the covenants" contained in the non-compete agreement. (Id.) This Court has not made such a determination.

Plaintiffs allege violations of the covenants in their Complaint, but mere allegations do not trigger the right of offset. The payment thus belongs to Defendants, and the Court will not use Rule 67 to require, in effect, that Defendants make an involuntary payment into the registry of the Court as a means for Plaintiffs to affect a prejudgment attachment. See Engineered Med. Sys., Inc. v. Despotis, No. 1:05-CV-0170-DFH-TAB, 2006 WL 1005024, at *2 (S.D. Ind. Apr. 14, 2006). Because Plaintiffs had a good faith basis for their motion under Rule 67, the Court denies Defendants' request for award of attorneys' fees incurred in responding to the motion.

## II. MOTION TO AMEND

Because Plaintiff Daniel Hayden deposited the first installment payment in his counsel's trust account pending resolution of the escrow motion rather than paying it directly to Defendants, Defendants move to amend their answer to include a counterclaim for nonpayment. (Doc. no. 30.) Plaintiffs argue that the motion is untimely because the deadline for amending pleadings was April 27, 2015, and that amendment would be futile. As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it."

Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (citing Foman, 371 U.S. at 182).

However, "where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause as to why the leave to amend should be granted." Smith v. School Bd. of Orange Cnty., 487 F.3d 1361, 1366 (11th Cir. 2007). This is because deadlines in scheduling orders may be modified only upon a showing of good cause "why the schedule cannot be met despite the diligence of the party seeking the extension." Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008) (citations omitted).

Defendants filed their motion to amend on May 2, 2015, only two days after the first installment payment was due on April 30, 2015. Because the claim for nonpayment did not arise until that date, Defendants have diligently pursued the counterclaim and there is good cause to grant leave outside the time for amendment of pleadings. Plaintiffs claim that the amendment is futile because Mr. Hayden deposited the first installment payment into his counsel's trust account before the April 30 deadline for payment. Nothing in the promissory note allows Mr. Hayden to exercise this option, and Plaintiffs have provided no legal support for the proposition that payment into a third party's trust account, rather than to the obligee, satisfies a contractual obligation to pay. Of course, at such a preliminary stage of the litigation, the Court offers no final determination concerning the merits of this new counterclaim.

## III. CONCLUSION

The Court **DENIES** the motion to place funds into the registry of the Court, (doc. no. 24), and **GRANTS** the motion to amend, (doc. no. 30). Defendants shall have seven days from the date of this Order to file their First Amended Answer, Defenses, Counterclaim and Third-Party Complaint, attached to their motion to amend, as a stand-alone entry on the docket.

SO ORDERED this 1st day of June, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA