# EXHIBIT B

## PROMISSORY NOTE

COLUMBIA COUNTY, GEORGIA                Note Amount: $75,000.00

Date: May 14, 2014

For value received, DANIEL HAYDEN ("Maker"), promises to pay to the order of DENNIS HAYDEN and TANYA HAYDEN, Georgia residents ("Payee"), at 900 Prairie Pass, Evans, Georgia 30809, the sum of Seventy-five Thousand and No/100 Dollars ($75,000.00), without interest over three (3) years.

Annual payments of Twenty-five Thousand and No/100 Dollars ($25,000.00) shall be paid on April 30 of each year beginning April 30, 2015, and continuing until this Promissory Note is paid in full. This Promissory Note may be prepaid, at any time, in whole or in part, without penalty. Payments will be applied only to principal.

This Promissory Note is governed by Georgia law. If suit is brought to collect this Promissory Note, the Payee shall be entitled to collect all costs and expenses of the suit, including reasonable attorneys' fees not less than fifteen percent (15%) of the indebtedness remaining. The undersigned waives any requirement of demand, protest, and notices of payment. All questions of diligence on the part of Payee are also waived and extensions may be granted without giving notice to the undersigned. Any extension of time of payment or allowance of partial payment shall not constitute a waiver of any of Payee's rights under this Promissory Note.

_____(L.S.)
Daniel Hayden

EXHIBIT
D-3

TM

# UNCONDITIONAL GUARANTY

FOR VALUE RECEIVED, and to induce Dennis Hayden and Tanya Hayden (the "Lenders") to provide Daniel Hayden (the "Borrower") with a loan in the amount of $75,000.00 (the "Obligation"), the undersigned (hereinafter the "Guarantors") unconditionally guarantee, jointly and severally, the payment in full of the Obligation.

Each Guarantor covenants and agrees that neither its obligations to make payment in accordance with the terms of this Guaranty nor any remedy for the enforcement thereof shall be impaired, modified, changed, released or limited in any manner whatsoever by any impairment, modification, change, release or limitation of the liability of the Borrower, or any remedy for the enforcement thereof resulting from the operation of any present or future provision of the Bankruptcy Reform Act of 1978 or other statute, or from the decision of any court, nor shall such obligation or remedy for enforcement be impaired, modified, changed, released or limited in any manner by such event of bankruptcy.

Each Guarantor further covenants and agrees that the execution and delivery and the observance and performance of this Guaranty by said Guarantor does not and will not conflict with or result in a breach of the terms or provisions of any existing rule, regulation or order of any court or governmental body or of any indenture, agreement or instrument to which Guarantor is a party, or by which he is bound, or to which he is subject, or constitute a default thereunder, and that this Guaranty has been duly executed and delivered by Guarantor and constitutes a valid and binding Guaranty enforceable in accordance with its terms.

This Guaranty is a guaranty of payment and not of collection. Each Guarantor waives any right to require the Lender to (a) proceed against the Borrower; (b) proceed against or exhaust any security held by the Borrower; or (c) pursue any other remedy in the Lender's power whatsoever. Each Guarantor waives all presentments, demands for performance, notices of non-performance, protests, notices of protest, notices of dishonor, and notices of acceptance of this Guaranty.

It is expressly understood and agreed that this is a continuing guaranty, and that any claim made by the Lender against either Guarantor pursuant to this Guaranty shall not preclude the Lender from making a claim against either Guarantor for future payments. Any payment made by either Guarantor pursuant to this Guaranty shall satisfy the obligation of the Borrower to make such payment, as if the Borrower had made such payment itself.

All rights, powers and remedies of the Lender hereunder shall be cumulative and not alternative and shall be in addition to all rights, powers and remedies given to the Lender by law or in equity.

Each Guarantor represents that he has read such of the documents given in connection with this arrangement as he deems it necessary or desirable to read and that he understands the terms of this Guaranty and is competent to execute this Guaranty. If any

TM

provision of this Guaranty shall be held to be invalid or unenforceable either generally or as to any particular set of circumstances, all other provisions hereof shall nevertheless remain valid and enforceable in accordance with their terms.

If any clause or provision herein contained operates or would prospectively operate to invalidate this Guaranty in whole or in part, then such clauses and provisions only shall be held for naught as though not contained herein, and the remainder of the Guaranty shall remain operative and in full force and effect.

This Guaranty shall be construed and enforced in accordance with the laws of the State of Georgia.

IN WITNESS WHEREOF, each of the undersigned Guarantors has executed this Unconditional Guaranty this ___ day of May, 2014.

_____  _____(L.S.)
Unofficial witness                              DANIEL HAYDEN

Sworn to and subscribed before me
this __14__ day of __May__, 2014

_____
NOTARY PUBLIC

_____  _____(L.S.)
Unofficial witness                              ROBERT GIANCROCE

Sworn to and subscribed before me
this __14__ day of __May__, 2014

_____
NOTARY PUBLIC