UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> DENNIS HAYDEN and TANYA HAYDEN, <br><br> Defendants/Counter-Plaintiffs, <br><br> and <br><br> ROBERT GIANCROCE, <br><br> Third-Party Defendant. | Civil Action No.1:15-cv-020 |

## MOTION TO DISMISS AMENDED COUNTERCLAIMS

Plaintiffs/Counter Defendants move the Court, pursuant to Rules 12(b)(1) and (6) and 9(b) of the Federal Rules of Civil Procedure and the *forum non conveniens* doctrine, to dismiss two (2) out of seven (7) of Defendants'/Counter Plaintiffs' amended counterclaims asserted against them for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted, this 19th day of June, 2015.

                                                       s/ J. Brian King
                                                     J. Brian King
                                                     Georgia Bar No. 420948

                                                     s/ John A. Donsbach
                                                     John A. Donsbach
                                                     Georgia Bar No. 225827

                                                     Attorneys for Plaintiffs

Donsbach & King, LLC  
P.O. Box 212139  
Martinez, Georgia  30917-2139  
Telephone:  (706) 650-8750  
Facsimile:  (706) 651-1399  
Email:  bking@donsbachking.com  
        jdonsbach@donsbachking.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

DANIEL HAYDEN and HAYDENS ) 
INTERNATIONAL GYMNASTICS )
ACADEMY, INC., )
 )
      Plaintiffs/Counter-Defendants, )
 )
  v. )   Civil Action No.1:15-cv-020
 )
DENNIS HAYDEN and TANYA HAYDEN, )
 )
      Defendants/Counter-Plaintiffs, )
 )
  and )
 )
ROBERT GIANCROCE, )
 )
      Third-Party Defendant. )
 )

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS AMENDED COUNTERCLAIMS**

      Plaintiffs move the Court, pursuant to Rules 12(b)(1) and (6) and 9(b) of the Federal Rules of Civil Procedure and the *forum non conveniens* doctrine, to dismiss two (2) out of seven (7) of Defendants' amended counterclaims. Defendants' claim against Plaintiffs for breach of the confidentiality provisions of the settlement agreement in a prior case in Columbia County Superior Court should be dismissed pursuant to the *forum non conveniens* doctrine because the settlement agreement contains a forum-selection clause providing that the claim can only be brought in either Columbia County Magistrate Court or Superior Court. The same claim should also be dismissed because Defendants have made the claim moot or barred by the doctrine of waiver and/or estoppel by filing the confidential settlement agreement and exhibits with the Court unsealed. Defendants'

3

claim against Plaintiffs for fraud fails to state a claim upon which relief can be granted because it fails to state with particularity the circumstances constituting fraud.

I. FACTUAL BACKGROUND

On May 14, 2014, Plaintiffs and Defendants entered into a Settlement Agreement and Mutual Release settling a lawsuit in Columbia County Superior Court. As part of the confidential settlement agreement, Defendants entered into a Stock Purchase Agreement with Plaintiffs which included payment for the stock of the company, a portion of which is to be paid by a Promissory Note in the amount of $75,000. As part of the Stock Purchase Agreement, Plaintiffs also entered into a Non-Competition/Non-Solicitation/Non-Disparagement/Confidentiality Agreement ("Non-Competition Agreement").

This action was brought by Plaintiffs alleging breach by Defendants of the Non-Competition Agreement. Plaintiffs' claims are for breach of contract and unjust enrichment. Plaintiffs seek actual damages, liquidated damages, and an injunction against Defendants. Plaintiffs also seek a declaration that the restrictive covenants contained in the Agreement tolled the running of the restrictions from November 28, 2014 until this case is resolved.

In response, Defendants filed counterclaims against Plaintiffs alleging anticipatory breach of the Promissory Note, seeking indemnification under the Stock Purchase Agreement, asking for specific performance under the Stock Purchase Agreement and the Promissory Note, claiming that Plaintiffs' claims constitute frivolous litigation, claiming breach of the confidentiality provisions of the settlement agreement, and claiming fraud by Plaintiffs.

After Plaintiffs filed a Motion to Dismiss Counterclaims (Doc. no. 13), Defendants filed amended counterclaims (Doc. no. 36) adding a seventh counterclaim for breach of the Promissory Note. Defendants' fraud claim remained identical to the one asserted in its original counterclaims.

4

## II. MOTION TO DISMISS STANDARD

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Id. at 558 (citations omitted).

"To obtain dismissal for *forum non conveniens*, '[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" GDG Acquisitions, LLC v. Gov't of Belize, 749 F.3d 1024, 1028 (11th Cir. 2014) (citing Leon v. Millon Air, Inc., 251 F.3d 1305, 1310-11 (11th Cir. 2001)). "A binding forum-selection clause requires the court to find that the *forum non conveniens* private factors entirely favor the selected forum." Id. at 1029. "'[T]he practical result is that forum-selection clauses should control except in unusual cases.'" Id. (citing Atl. Marine Constr. Co. v. United States Dist. Court, 134 S.Ct. 568, 582 (2013)).

## III. ARGUMENT

A. Defendants' claim for breach of the confidentiality provisions of the settlement agreement should be dismissed pursuant to the *forum non conveniens* doctrine.

1. All the *forum non conveniens* factors favor requiring Defendants' counterclaims to be brought in the selected forum rather than this Court.

The settlement agreement, which is attached to Defendants' original answer and counterclaims as Exhibit D-1 (Docket #8-1), contains a forum-selection clause. Pursuant to that

5

clause, Defendants' counterclaim for breach of the confidentiality provisions of the settlement agreement can only be brought in either Columbia County Magistrate Court or Superior Court. Section 12 of the settlement agreement provides:

> Governing Law, Venue, and Personal Jurisdiction. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia regardless of the residence or domicile, now or in the future, of any party hereto and notwithstanding any conflicts of laws. Venue shall lie exclusively in Columbia County, Georgia. Any dispute arising out of or related to this Agreement may only be heard in either the Magistrate Court of Columbia County or the Superior Court of Columbia County. The Parties agree to consent to personal jurisdiction in those courts if such a dispute arises.

Federal courts routinely enforce forum-selection clauses. See Atl. Marine Constr. Co. v. United States Dist. Court, 134 S.Ct. at 583 ("In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain."). Applying the *forum non conveniens* factors in this case: (1) the state courts of Columbia County are an adequate alternative forum that is available, (2) the public and private factors weigh in favor of dismissal, and (3) Defendants can file suit in Columbia County without undue inconvenience or prejudice. Due to the forum-selection clause, the private factors entirely favor the selected forum. The public factors also favor Columbia County, where the prior case was pending and later settled. Therefore, because of the forum-selection clause in the settlement agreement, this Court should dismiss Defendants' claim for breach of the settlement agreement.

    2. Defendants misapply the *forum non conveniens* doctrine.

Even though Defendants, in their brief responding to Plaintiffs' Motion to Dismiss Counterclaims (Doc. no. 22), cite to the same relevant case law and *forum non conveniens* factors cited by Plaintiffs, Defendants misapply the law and the factors. Defendants focus primarily on the convenience of Plaintiffs to defend the counterclaim in this Court, which is not appropriate since it is not a specifically listed factor. Specifically listed as a factor is the convenience of Defendants in

6

filing in an alternative forum, which supports dismissal here so Defendants can file in the court in which they filed the previous case.

Defendants argue that the private factors do not weigh in favor of dismissal and ignore the rule provided by case law that where the parties have agreed to a forum-selection clause, this Court must find that the private factors favor dismissal of a claim brought in a forum other than the selected one. "A binding forum-selection clause requires the court to find that the *forum non conveniens* private factors entirely favor the selected forum." GDG Acquisitions, LLC v. Gov't of Belize, 749 F.3d 1024, 1029 (11th Cir. 2014). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Atl. Marine Constr. Co. v. U.S. Dist. Court, 134 S.Ct. 568, 582 (U.S. 2013). "[T]he existence of a valid forum selection clause governing the claims at issue shifts the burden to the non-movant to establish that dismissal is improper." Blue Ocean Corals, LLC v. Phoenix Kiosk, Inc., No. 14-civ-61550, 2014 U.S. Dist. LEXIS 131714, at *8 (S.D. Fla. Sept. 19, 2014) (holding that a party bringing a claim for breach of a confidentiality provision failed to meet the "heavy burden of proof" that the forum-selection clause should be set aside).

Defendants repeatedly cite to Leon v. Millon Air, Inc., 251 F.3d 1305, 1310-11 (11th Cir. 2001), for its discussion of the private factors. That case did not involve a forum-selection clause; therefore, the private interest analysis in Leon is inapposite. Similarly, because of the differences in the facts of the case, the public interest analysis in Leon is also inapposite. Leon involved a plane crash in Ecuador, where the public interest factors regarding litigating in a foreign court were of greater import than in this case. Nevertheless, the public factors also favor Columbia County as the

7

forum to resolve the counterclaim for breach of the settlement agreement, where the prior case was pending and later settled.

Defendants unconvincingly argue that "when the [Non-Competition Agreement] was signed, none of the parties imagined that federal diversity jurisdiction would be created by Defendants moving hundreds of miles from Columbia County, Georgia . . . ." As Defendants' counsel is aware, federal diversity jurisdiction could have been created by Defendants moving less than twenty-five (25) miles away into South Carolina. If Defendants wanted to remain in the gymnastics business, they would have to do it outside the thirty (30)-mile radius from Plaintiffs' gym. Thus, federal diversity jurisdiction was specifically anticipated and agreed to by the parties in the forum-selection clause.

> 3. Defendants' claim for breach of the confidentiality provisions of the settlement agreement is not a compulsory counterclaim that must be brought in this Court.

Defendants assert that their counterclaim for breach of the confidentiality provisions of the settlement agreement must be brought in this Court as a compulsory counterclaim under Rule 13(a) or be forever barred. In light of the forum-selection clause bargained for and agreed to by Defendants, this Court is not the proper forum for the proposed counterclaim.

Because the forum-selection clause requires that any dispute arising out of or related to the settlement agreement be brought in either Columbia County Magistrate Court or Superior Court, it cannot be brought in this Court pursuant to the terms of the contract, and therefore, logically, it cannot be a compulsory counterclaim that must be brought in this Court. See Publicis Communication v. True North Communications Inc., 132 F.3d 363, 366 (7th Cir. 1997) (holding that a valid forum-selection clause should not be ignored and even compulsory counterclaims

8

should be dismissed if filed in an improper forum); Karl Koch Erecting Co., Inc. v. New York Convention Ctr. Dev. Corp., 838 F.2d 656, 659 (2d Cir. 1988) (same).[1]

Forum-selection clauses are treated like arbitration clauses, which are just a particular type of forum-selection clause. Publicis, 132 F.3d at 366 (recognizing Ninth Circuit's view that a compulsory counterclaim may not be asserted when a dispute is covered by a contract's arbitration clause). Whether a claim can be brought at all in a particular court is a threshold issue to the determination of whether a claim must be brought as a compulsory counterclaim in that court. Id.; see also Innovative Display Techs. LLC v. Microsoft Corp., No. 13-cv-783, 2014 U.S. Dist. LEXIS 82429, at *18, n. 6 (E.D. Tex. June 17, 2014) ("[C]ompulsory counterclaims do not trump the forum selection clause."). Defendants' claim cannot be maintained in this Court as a compulsory or permissive counterclaim. See 6 Charles Alan. Wright, et. al., Federal Practice and Procedure § 1412 (2d ed. 2010). Concomitantly, Plaintiffs cannot assert the affirmative defense of claim preclusion in the proper forum based on the failure of Defendants to assert and litigate the counterclaim in this Court. See Publicis, 132 F.3d at 366; Water & Sand Int'l Capital, Ltd. v. Capacitive Deionization Tech. Sys., 563 F. Supp. 2d. 278, 284 (D.D.C. 2008); Wright, et. al., § 1412.

Defendants' counterclaim for breach of the confidentiality provisions of the settlement agreement is not a compulsory counterclaim because it does not arise from the same transaction or occurrence as Plaintiffs' claim for breach of the Non-Competition Agreement. Defendants admit

---

[1] It does not appear that the Eleventh Circuit has specifically addressed the issue of whether a party must file a compulsory counterclaim in an improper forum to avoid having that claim barred in a proper forum. The Seventh and Second Circuits have, as cited above. Several district courts in the Third, Fifth, Ninth, and Tenth Circuits have addressed the issue and come to the same conclusion as the Seventh and Second Circuits. See, e.g., Excentus Corp. v. Giant Eagle, Inc., No. 13-178, 2013 U.S. Dist. LEXIS 168221, at *7-16 (W.D. Pa. Nov. 26, 2013) (following the Seventh and Second Circuit's reasoning); Bancroft Life & Cas. ICC v. Davnic Ventures, L.P., No. H-12-2015, 2013 U.S. Dist. LEXIS 41630, at *10-12 (S.D. Tex. Mar. 25, 2013) ("[T]he Court may not ignore the forum-selection clause."); Bancroft Life & Cas., ICC, Ltd. v. Scolari, No. 11-cv-5017, 2012 U.S. Dist. LEXIS 18621, at *8 (W.D. Wash. Feb. 14, 2012) ("A counterclaim defined as "compulsory" under Fed. R. Civ. P. 13(a) is not immune from dismissal when the counterclaim is controlled by an enforceable forum selection clause."); Sokkia Credit Corp. v. Bush, 147 F. Supp. 2d. 1101, 1105-06 (D. Kan. 2001) (following the Seventh Circuit's reasoning). There is no reason to think the Eleventh Circuit would not follow the other courts' reasoning.

that "Plaintiffs' claims all stem from an alleged breach of the [Non-Competition Agreement]." (Defs.' Br. at 4.) Yet, Defendants are attempting to make this lawsuit about more than what it should be limited to. Defendants' claim relates to a different subject matter – the confidentiality provisions of the settlement agreement, which is different from whether Defendants violated the Non-Competition Agreement. See Ins. Concepts, Inc. v. Western Life Ins. Co., 639 F.2d 1108, 1114 (5th Cir. 1981) (finding, on appeal from the N.D.Ga., that a party's counterclaim concerning another party's allegedly negligent or fraudulent delivery of a life insurance policy to a terminally ill policyholder was not relevant to a claim to enforce a settlement agreement and therefore was not a compulsory counterclaim).

The fact that the Non-Competition Agreement is an exhibit to a stock purchase agreement, which is an exhibit to the settlement agreement, does not change the fact that it is an independent agreement, executed as such, containing its own consideration, forum-selection clause, and dispute resolution provisions, including a separate liquidated damages provision in the Non-Competition Agreement. Defendants agreed to those provisions, but now want this Court to ignore them. Defendants claim that the "*same transaction*" relevant to the compulsory counterclaim issue is the settlement of the previous lawsuit in Columbia County Superior Court. (Defs.' Br. at 4.) Plaintiffs' are not asserting a claim for breach of the settlement agreement. Under Rule 13(a), just because two agreements involve the same parties does not mean that if one of party sues the other for breach of one agreement, the other party must bring all claims it may have, including those for breach of another agreement. See Shavers v. Massey-Ferguson, Inc., 834 F.2d. 970, 973-73 (11th Cir. 1987) (holding that claim for payment of debt owed on tractor accessories was not a compulsory counterclaim in suit for breach of warranty and fraud relating to the purchase of the tractor because the debt did not arise out of the same transaction or occurrence and it was merely coincidental that

10

the note for the assessory equipment was involved in suit for breach of warranty and fraud); Plymouth Yongle Tape Co. v. Plymouth Rubber Co., 683 F. Supp. 2d. 102 (D. Mass. 2009) (holding that seller's counterclaims were not compulsory because they did not involve the same contracts or the same wrongful conduct alleged in manufacturer's claims);

Even where a counterclaim relates to the same contract as the initial claim, courts have found that the claims did not involve the same transaction or occurrence. See Continental Federal Sav. & Loan Ass'n v. Delta Corp. of Am., 71 F.R.D. 697, 700-01 (W.D.Okla. 1976) (finding that even where counterclaim is based on the *same* contract it was merely permissive, and not compulsory, where alleged breaches involve different contract provisions and acts of the parties during different time frames, each alleged breach is unilateral by each party, entirely different evidence is required to prove each alleged breach and resulting damages, and the only common question was the existence of the contract at issue); Employers Ins. of Wausau v. United States, 764 F.2d 1572, 1576-77 (Fed. Cir. 1985) (holding that although government's claim and government contractor's claim arose out of the *same* contract to cut and remove timber in a national forest, contractor's claim did not arise out of the same transaction or occurrence and was not a compulsory counterclaim). Contrary to Defendants assertions, Plaintiffs' claim of improper actions by Defendants in violation of the Non-Competition Agreement does not arise from the same transaction or occurrence as an alleged breach of the confidentiality provisions of a separate agreement.

B.  <u>The settlement agreement is no longer confidential as a result of Defendants' actions; therefore, a claim for breach of the confidentiality provisions cannot be maintained.</u>

While Plaintiffs deny that they breached the confidentiality provisions of the settlement agreement, Defendants' counterclaim is either moot or barred by the doctrine of waiver and/or estoppel. "It is well-established that a party to a contract may waive a contractual provision for

his or her benefit." Forsyth Cnty. v. Waterscape Servs., LLC, 303 Ga. App. 623, 630 (Ga. App. 2010) (citing Euler-Siac v. Drama Marble Co., 274 Ga. App. 252, 254, (2005)).

> A waiver may be express, or may be inferred from actions, conduct, or a course of dealing. Waiver of a contract right may result from a party's conduct showing his election between two inconsistent rights . . . . However, all the attendant facts, taken together, must amount to an intentional relinquishment of a known right, in order that a waiver may exist.

Id. (quoting Greater Ga. Life Ins. Co. v. Eason, 292 Ga. App. 682, 687 (2008)).

Defendants filed the confidential settlement agreement and most of the related exhibits with Defendants answer and counterclaims unsealed. In the Eleventh Circuit, such documents are judicial records that the public may inspect and copy. Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1014-16 (11th Cir. 1992). The settlement agreement and the corresponding exhibits that were filed are now public record and no longer confidential. A private settlement that is put on the record may become a public record in spite of a confidentiality term in the agreement itself. See Copley Press, Inc. v. Peregrine Sys., 311 B.R. 679, 687-88 (D. Del. 2004) (holding that a document filed with the court is presumptively subject to the right of access unless properly sealed). By filing the settlement documents unsealed without seeking a protective order, the Defendants made their claim moot at the outset. Furthermore, Defendants have waived and should be estopped from maintaining a claim for alleged damages caused by disclosure of confidential settlement terms when Defendants disclosed all of the terms without regard to possible damages to Plaintiffs or further possible damage to themselves.

C. <u>Defendants' claim for fraud should be dismissed because Defendants fail to state with particularity the circumstances constituting fraud.</u>

Defendants' counterclaim for fraud fails to state with particularity the circumstances constituting fraud. Rule 9(b) of the Federal Rules of Civil Procedure states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

12

Defendants fail to assert details of the alleged fraud, such as the content of the misstatements that were made, in what documents or oral representations the misstatements were made, the person responsible for making each misstatement, the date, time, and place of the misstatements, the manner in which the statements misled Defendants, and how Plaintiffs allegedly knew the statements were false. See City of Fort Lauderdale v Scott, 773 F. Supp.2d 1355, 1363 (S.D.Fla. 2011) (dismissing counter-plaintiffs' fraud claims against city because allegations as to date, time, or place had to be alleged in counterclaim, not buried in attachment or discussed in a brief) (citing Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001). Therefore, Defendants' fraud claim should be dismissed. In the alternative, the Court should require Defendants to provide a more definite statement under Rule 12(f) of the Federal Rules of Civil Procedure, with particularity as to the circumstances constituting fraud.

In their brief responding to Plaintiffs Motion to Dismiss Counterclaims, Defendants improperly attempted to flesh out their fraud claim in more detail than provided in their counterclaim. Even with that, the fraud claim still lacks sufficient particularity. Defendants vaguely reference "allegations of 'prolonged multi-act schemes'" in their brief (Defs.' Br. at 10), even though no such allegations are in their counterclaim. Defendants fail to state how Daniel Hayden committed these schemes, what they were, when they occurred, or where they were committed. More fundamentally, Defendants fail to state in their counterclaim what misrepresentations made up the schemes referenced in their brief. Contrary to Defendants' assertion in their brief (Defs.' Br. at 11), their counterclaim fails to provide specific examples of Daniel Hayden's alleged fraudulent behavior.

Defendants suggest that their vague allegations of fraud should be presented to a jury. (Defs.' Br. at 11-12.) Rule 9(b) was intended to prevent injury to potential defendants from

irresponsible allegations of fraud and to enable a defendant to understand and effectively prepare a proper response.  Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir. 1988).  Enforcement of Rule 9(b) avoids wasting the jury's and this Court's time with non-specific and spurious allegations.  Complying with Rule 9(b) is necessary for a fraud claim to get past the pleadings stage of a case, long before being presented to a jury.

In amending their counterclaims, Defendants had the opportunity to amend their fraud claim to add more particularity by alleging additional facts.  Instead, even when presented with a motion to dismiss on their first attempt to plead a fraud claim against Plaintiffs, Defendants merely submitted identical allegations.  Because Defendants' fraud claim still fails to satisfy Rule 9(b) at this stage of the litigation, it should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the amended counterclaims discussed above.

Respectfully submitted, this 19th day of June, 2015.

                                                          s/ J. Brian King  
                                                        J. Brian King  
                                                        Georgia Bar No. 420948

                                                        s/ John A. Donsbach  
                                                        John A. Donsbach  
                                                        Georgia Bar No. 225827

                                                        Attorneys for Plaintiffs  
                                                        Donsbach & King, LLC  
                                                        P.O. Box 212139  
                                                        Martinez, Georgia  30917-2139  
                                                        Telephone:  (706) 650-8750  
                                                        Facsimile:  (706) 651-1399  
                                                        Email:  bking@donsbachking.com  
                                                                          jdonsbach@donsbachking.com

CERTIFICATE OF SERVICE

This is to certify that on this 19th day of June, 2015, the undersigned filed the foregoing MOTION TO DISMISS AMENDED COUNTERCLAIMS and MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COUNTERCLAIMS with the Clerk of Court using the CM/ECF system which will automatically send e-mail notifications of the filing to all counsel of record.

s/ J. Brian King<br>
J. Brian King