FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2015 AUG -7 PM 2: 43

CLERK _CAdams_
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., | ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | Civil Action No. 1:15-cv-020 |
| DENNIS HAYDEN and TANYA HAYDEN, | ) ) | |
| Defendants/Counter-Plaintiffs, | ) ) | |
| and | ) ) | |
| ROBERT GIANCROCE, | ) ) | |
| Third-Party Defendant. | ) ) | |

## CONSENT PROTECTIVE ORDER

WHEREAS, Candice Marie Kobert, Cassady Leigh Hayden, and C& C Gymnastics, LLC, third parties ("Non-Parties") in the above referenced proceeding, by and through their attorney, upon notice to all interested parties, moved this Court for a protective order;

WHEREAS, Plaintiffs, Defendants, and Third-Party Defendant (collectively, "Parties") and Non-Parties consent to this Consent Protective Order;

WHEREAS, the Parties and Non-Parties believe the unrestricted and/or unnecessary dissemination of such information might lead to irreparable harm of the party or non-party providing the discovered information;

1

WHEREAS, by agreeing to this protective order, the Parties and Non-Parties can permit discovery to proceed without delay and without engaging in discovery disputes that can be resolved by this Order;

WHEREAS, the Parties and Non-Parties reserve the right to seek to modify this Order, depending on the nature of any discovery requests; and

WHEREAS, the Court having considered the matter, and the Parties and Non-Parties informing the Court that they agree to be bound by this Order, and for good cause having been shown.

IT IS NOW THEREFORE ORDERED, with the consent of the Parties and Non-Parties through their counsel, that dissemination of any information obtained by discovery in this action that is marked "CONFIDENTIAL" shall be only in accordance with the following terms and conditions:

1. "Confidential Material" is defined as commercially or financially sensitive, proprietary, trade-secret, or privileged information or matter.

2. In complying with discovery demands in this action, any information or matter that the Parties or Non-Parties determine in good faith to be Confidential Material may be designated as such and the designation shall be made in the manner set forth in Paragraph 3 below or by written agreement of the parties at any time.

3. All or any part of a document or a tangible item disclosed, produced, or submitted by the Parties or Non-Parties may be designated as Confidential Material (a) by marking "CONFIDENTIAL" on the face of the document, or any photocopy of the document, that is exchanged and on each subsequent page to which the designation applies.[1] With respect to the

---

[1] Parties and Non-parties acknowledge that documents that they may choose to designate as "CONFIDENTIAL" may have already been produced in a good faith effort to comply with an opposing parties' discovery requests.

deposition testimony or other responses in discovery, counsel for the party or other person or entity claiming confidentiality shall designate that portion of the testimony or discovery response as "CONFIDENTIAL" either orally at the time it is given by so stating on the record at the time of production or by written notification to opposing counsel within ten (10) days after receipt of a transcript from a court reporter as to any deposition or of disclosure of the discovery response.

4.     Any Confidential Material designated as such, and any information derived therefrom, may be disclosed in a deposition or at a hearing, trial, or other court proceeding in this action.  Any party wishing to object to such use must do so in a timely manner.  If either party seeks to file a deposition transcript a portion of which is designated as CONFIDENTIAL with the Court, it must do so under seal, in accordance with the Local Rules of this Court.  In the event that a transcript is prepared for a hearing, trial, or other court proceeding, the Parties or Non-Parties may request that any portion of such transcript marked as "CONFIDENTIAL" or information derived therefrom be filed under seal in accordance with the Local Rules of this Court.

5.     Any Confidential Material designated as such, and any information derived therefrom, shall be used or disclosed solely for the purposes of litigating or attempting to settle the present action or any future action between the Parties and Non-Parties, and in accordance with the provisions of this Order.

6.     Other than the Parties and Non-Parties, Plaintiffs' counsel, Defendants' counsel, Third-Party Defendant's counsel, Non-Parties' counsel, the Court, Court personnel (including Court reporters), jurors, witnesses, deponents, and commercial photocopying firms, access to

---

Parties and Non-parties agree that they may retroactively stamp a new copy of said documents as "CONFIDENTIAL" and ask the requesting party to substitute the supplemented copy in place of the originally produced copy.  If Parties and Non-parties do not have a copy of a particular document they wish to stamp as "CONFIDENTIAL" on hand, they may meet with opposing counsel at a mutually convenient time within thirty (30) days of the date this Order is entered to stamp the copies that have already been produced as "CONFIDENTIAL."

Confidential Material designated as such, or to any information derived therefrom, shall be limited to the following persons:

    a.    the Parties' and Non-Parties' directors, officers, employees, and agents in connection with the prosecution, defense, or supervision of this litigation;

    b.    the Parties' and Non-Parties insurers and outside or in-house auditors;

    c.    employees of the counsel for the Parties and Non-Parties, provided that such access is for the sole purpose of conducting the prosecution, defense, or supervision of this litigation or any future litigation between the Parties and Non-Parties;

    d.    counsel for Non-Parties; and

    e.    experts or consultants (including independent experts) who are employed, retained, or otherwise consulted by counsel or a party or Non-Parties for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in the prosecution or defense of this litigation or any future litigation between the Parties and Non-Parties.

    7.    Before receiving access to any Confidential Material designated as such, or any information derived therefrom, each person described in Paragraph 6 shall be informed by counsel of record of the terms of this Order as well as the obligation to comply with those terms. Each expert, consultant, or other counsel who is given access to such material or information also shall sign a copy of the Commitment of Qualified Recipient ("Commitment") attached as Exhibit A. All copies of the signed Commitment shall be held in the sole possession of the person retaining said expert, consultant, or other counsel. However, the person may later be required, by Court order, to disclose these persons who have been given access to Confidential Material to the other Party, Non-Party, or to the Court.

    8.    Under no circumstances shall a person who is not permitted access under Paragraphs 6 or 7—or who is permitted access but has not signed a copy of the Commitment when required under Paragraph 7—be permitted to attend a deposition, or any portion thereof, at

which designated Confidential Material, or any information derived therefrom, is discussed or otherwise disclosed.

9.     Confidential Material designated as such, or any information derived therefrom, may be disclosed to the Court in connection with any filing or proceeding in this litigation, but the party or person so disclosing shall move for such material or information to be placed under seal in accordance with Local Rule 79.7. Materials will not be placed under seal merely because they are marked confidential or merely because the parties wish them to be sealed; sealing decisions must be made by the Court. See Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001).

10.     Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by a Party or Non-Party (a) of documents or information already in their possession, custody, or control prior to this litigation; (b) of documents or information obtained in this or any other litigation, prior to the date of this Order; or (c) of documents or information received at any time by that Party or Non-Party outside the course of the discovery process in this litigation.

11.     Plaintiffs and Non-Parties agree that the failure by any Party or Non-Party to designate any document, tangible item, or other information as "CONFIDENTIAL" in accordance with this Order or to object to the same shall not constitute a waiver in whole or in part or be used as grounds for estoppel in connection with that Party's or Non-Party's designation of such materials as confidential or objection in this or any other proceeding or action.

12.     Nothing in this Order shall be construed in any way as a finding that material designated as "CONFIDENTIAL" does or does not constitute or contain sensitive, confidential,

5

commercial, proprietary, or privileged information or matter. Any Party or Non-Party may object, in writing, to such designation by another party or person within thirty (30) days of receiving the material so designated. If the Parties or Non-Parties are unable to resolve their dispute in good faith on an informal basis, the Party or Non-Party challenging such designation shall, within fourteen (14) days of reaching such an impasse, apply by motion to the Court for a ruling, based upon a showing of good cause, that the material shall not be treated as confidential pursuant to the terms of this Order. If no motion is submitted within such period, unless and until this Court enters an order to the contrary, the material designated "CONFIDENTIAL" shall be treated as such throughout the pendency of this litigation.

13. This Order and the agreements embodied herein shall survive the resolution of this action and continue in full force and effect. This Order shall be binding upon the Parties and Non-Parties, their counsel, and their agents, including experts and consultants. The Court shall retain jurisdiction to enforce the provisions of this Order against such persons following the termination of this litigation.

14. Upon termination of this action, including the time for appeal, the Parties and Non-Parties shall promptly return to counsel for the producing Party or Non-Party all Confidential Material designated as such, including all copies in the possession of the Parties and Non-Parties, their counsel, or retained experts or consultants. As an alternative to returning such material, a Party or Non-Party may promptly certify to counsel for the producing party or person that it has destroyed all unreturned material containing the "CONFIDENTIAL" designation.

15. The protections set forth in this Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by written agreement of the Parties and Non-Parties or

6

by an Order of this Court. If any provision of this Order shall be held invalid for any reason, the remaining provisions shall not be affected.

16.     In the event any other person or entity serves a subpoena seeking Confidential Material designated as such, or information derived therefrom, on the Parties or Non-Parties, the Parties or Non-Parties shall not produce or otherwise make available such material, until it notifies the other of the subpoena, permitting the Parties or Non-Parties a reasonable opportunity to move to quash the subpoena, and seek an Order from this Court permitting compliance therewith.

This __7th__ day of __August__, 2015.

_____
Judge Brian K. Epps
U.S. District Court

Prepared and consented to by:

/s/ Charles W. Wills
Charles W. Wills

*Attorney for Non-Parties*

State Bar No. 254329
KLOSINSKI OVERSTREET, LLP
#7 George C. Wilson Court
Augusta, Georgia 30909
706-863-2255


Prepared and Consented to by:

s/ J. Brian King
J. Brian King
Georgia Bar No. 420948

s/ John A. Donsbach
Georgia Bar No. 225827

*Attorneys for Plaintiffs and Third-Party Defendant*

Donsbach & King, LLC
P.O. Box 212139
Martinez, Georgia 30917
Telephone: (706) 650-8750
bking@donsbachking.com


Prepared and Consented to by:

/s/ Timothy E. Moses
GA Bar No. 526535

*Attorney for Defendants*

Moses Law Group, LLC
1030 Stevens Creek Road, Suite 140
Augusta, GA 30907-3204
(706) 860-8030
TEM@moseslawgroup.com

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., | ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | Civil Action No. 1:15-cv-020 |
| DENNIS HAYDEN and TANYA HAYDEN, | ) ) ) | |
| Defendants/Counter-Plaintiffs, | ) ) | |
| and | ) ) | |
| ROBERT GIANCROCE, | ) ) ) | |
| Third-Party Defendant. | ) ) | |

## EXHIBIT A:  COMMITMENT OF QUALIFIED RECIPIENT

I affirm that (1) I have received and read a copy of the attached Consent Protective Order ("Order"); (2) I understand the terms and meanings of the Order; (3) I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of Georgia and binds me to the provisions of the Order; and (4) I am aware that a violation of the Order may result in a finding of contempt of Court and/or an award of damages against me.

Furthermore, I understand that, upon direction from the party or person from which I received the Confidential Material designated as such, or information derived therefrom, I shall

return to counsel for such party or person the material and information received, including all copies in any form.

DATE:_____

_____
Signature

_____
Printed Name