UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., | ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | Civil Action No. 1:15-cv-020 |
| DENNIS HAYDEN and TANYA HAYDEN, | ) ) | **JURY TRIAL DEMANDED** |
| Defendants/Counter-Plaintiffs, | ) ) ) | |
| and | ) ) | |
| ROBERT GIANCROCE, | ) ) | |
| Third-Party Defendant. | ) ) | |

## ANSWER TO THIRD-PARTY COMPLAINT AND COUNTERCLAIMS

Third-Party Defendant Robert Giancroce ("Giancroce") files his Answer to the Third-Party Complaint and Counterclaims against Defendants Dennis Hayden and Tanya Hayden in the above-styled civil action.

### ANSWER TO THIRD-PARTY COMPLAINT

Giancroce responds specifically to the allegations contained in the numbered paragraphs of Defendants' Third-Party Complaint as follows:

1. Giancroce admits the allegations of paragraph 1 of Defendants' Third-Party Complaint.

2. Giancroce admits the allegations of paragraph 2 of Defendants' Third-Party Complaint.

3. Giancroce admits he is a resident of South Carolina. Giancroce admits he regularly visits Georgia at the premises of HIGA and at property located at 732 Bradford Lane, Evans, Georgia 30809. Giancroce admits Loretta Giancroce owns the property located at 732 Bradford Lane, Evans, Georgia 30809. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3; therefore, they are denied.

4. Giancroce repeats and incorporates his responses to paragraphs 1 through 3 as if fully set forth herein.

5. Giancroce admits the allegations of paragraph 5 of Defendants' Third-Party Complaint.

6. Giancroce admits the allegations of paragraph 6 of Defendants' Third-Party Complaint.

7. Giancroce denies that the allegations of paragraph 7 completely and accurately reflect the contents of the Unconditional Guaranty, and respectfully refers the Court to that document for a complete and accurate statement of its contents. Therefore, Giancroce denies the allegations of paragraph 7.

8. Giancroce denies the allegations of paragraph 8 of Defendants' Third-Party Complaint.

9. Giancroce denies the allegations of paragraph 9 of Defendants' Third-Party Complaint.

10. Giancroce admits the allegations of the first sentence of paragraph 10 of Defendants' Third-Party Complaint. Defendant denies the allegations of the second sentence of Defendants' Third-Party Complaint.

11. Giancroce denies that the allegations of the first sentence of paragraph 11 completely and accurately reflect the contents of the Promissory Note, and respectfully refers the Court to that document for a complete and accurate statement of its contents. Therefore, Giancroce denies the allegations of the first sentence of paragraph 11. Giancroce denies the allegations of the second sentence of Defendants' Third-Party Complaint.

## COUNTERCLAIMS

12. Giancroce incorporates herein by reference the foregoing paragraphs of the Answer to the extent they are not inconsistent.

## FACTUAL ALLEGATIONS

13. On May 14, 2014, Defendants and Plaintiffs entered into a Non-Competition/ Non-Solicitation/Non-Disparagement/Confidentiality Agreement ("Non-Competition Agreement").

14. Contemporaneously with the execution of the Non-Competition Agreement, Giancroce executed an Unconditional Guaranty, guaranteeing payment of a Promissory Note to Defendants for $75,000.

15. Defendants violated the Non-Competition Agreement, by, among other things, assisting their daughter and her friend in opening a competing gym.

## CAUSES OF ACTION

### FOR A FIRST CAUSE OF ACTION
(Fraud, Fraudulent Misrepresentation and Concealment, and Fraudulent Inducement)

16. Giancroce reiterates and re-alleges paragraphs 1 through 15 as though set forth herein verbatim.

17. Defendants represented to Plaintiffs and Giancroce that they would perform their obligations under the Non-Competition Agreement and not assist others in competing with Plaintiffs. Defendants intentionally and maliciously made these false representations.

18. Defendants misrepresented their intentions to comply with the Non-Competition Agreement. All statements made contrary to their actual intentions were false and misleading and made intentionally and maliciously.

19. At the time the statements were made, Defendants knew or should have known that the representations were false.

20. Defendants knew or reasonably should have known that if they violated the Non-Competition Agreement, Giancroce would be damaged.

21. Defendants intentionally concealed certain information from Giancroce, knowing that the information was material and that withholding this information would seriously damage Giancroce.

22. By concealing the truth and making certain false representations, Defendants induced Giancroce to personally guarantee the $75,000 Promissory Note.

23. Giancroce was justified in his reliance upon the representations by Defendants that induced him into signing the Non-Competition Agreement.

24. The intentional and malicious actions of Defendants caused Giancroce damages, including, but not limited to, costs of litigation and attorneys' fees as well as possible payment on the Unconditional Guaranty.

25. Defendants' willful and fraudulent misrepresentations and concealments showed willful misconduct, malice, fraud, wantonness, and oppression with a specific intent to cause harm to Giancroce and the Company. Giancroce therefore prays for exemplary and punitive

damages in an amount to be determined by a jury to deter Defendants from such wrongful and fraudulent conduct in the future.

## FOR AN SECOND CAUSE OF ACTION
(Negligent Misrepresentation)

26. Giancroce reiterates and re-alleges paragraphs 1 through 25 as though set forth herein verbatim.

27. Defendants owed a duty of care to Giancroce to ensure they performed their obligations under the Non-Competition Agreement.

28. Defendants breached the duty of care owed to Giancroce when they failed in those duties.

29. Defendants negligently supplied false and misleading information regarding their willingness and ability to perform their obligations under the Non-Competition Agreement.

30. Defendants misrepresented their intentions with regard to Giancroce. All statements made contrary to their actual intentions were at least negligently made.

31. Giancroce reasonably relied on the information supplied by Defendants in deciding to personally guarantee the $75,000 Promissory Note.

32. As a result of Giancroce's reliance on the misrepresentations made by Defendants, Giancroce suffered damages.

## FOR A THIRD CAUSE OF ACTION
(Civil Conspiracy)

33. Plaintiff reiterates and re-alleges paragraphs 1 through 32 as though set forth herein verbatim.

34. Defendants came to an agreement and conspired to get Giancroce to personally guarantee the $75,000 Promissory Note, violate the Non-Competition Agreement, and cause Giancroce damage.

35. Defendants, acting in concert, engaged in conduct that constitutes several torts.

36. As a result of Defendants' civil conspiracy, Giancroce has been injured.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Giancroce denies each and every allegation in Defendants' Third-Party Complaint except as specifically admitted herein.

### SECOND DEFENSE

Defendants' Third-Party Complaint fails to state a cause of action against Giancroce upon which relief can be granted.

### THIRD DEFENSE

Defendants' claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### FOURTH DEFENSE

Defendants' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FIFTH DEFENSE

Giancroce is entitled to setoff which has not been properly credited in this matter.

### SIXTH DEFENSE

Defendants' claims are barred, in whole or in part, by the doctrine of laches.

### SEVENTH DEFENSE

Defendants failed to mitigate any damages they allegedly suffered.

### EIGHTH DEFENSE

Giancroce was not the cause of any injuries, if any, sustained by Defendants.

### NINTH DEFENSE

Defendants' claims are barred, in whole or in part, by any defenses under Georgia law to the guarantee at issue in this case.

### TENTH DEFENSE

Defendants' claims are barred, in whole or in part, because Defendants (or persons or entities acting on their behalf) voluntarily and knowingly assumed the risks of any loss in connection with the transaction at issue.

### ELEVENTH DEFENSE

Defendants' claims are barred, in whole or in part, due to duress.

### TWELFTH DEFENSE

Defendants' claims are barred, in whole or in part, due to lack of consideration.

### THIRTEENTH DEFENSE

Defendants' claims are barred, in whole or in part, due to fraud and/or illegality.

### FOURTEENTH DEFENSE

Defendants may not recover from Giancroce because Defendants' damages, if any, are the result of the intervening and unforeseen acts and omissions of a third person of which Giancroce had no control.

FIFTEENTH DEFENSE

Defendants' claims are barred, in whole or in part, by Defendants' own negligence, breach of duty, or lack of reasonable diligence or care, or by the negligence, breach of duty, or lack of reasonable diligence or care of persons or entities acting on Defendants' behalf.

JURY DEMAND

Giancroce requests a trial by jury.

RELIEF REQUESTED

Wherefore, having fully answered Defendants' Third-Party Complaint, fully denied all liability, and asserted counterclaims against Defendants, Giancroce prays for judgment against Defendants and all available relief including, but not limited to, the following:

(a) actual damages in an amount to be determined by a jury;

(b) incidental and consequential damages in an amount to be determined by a jury;

(c) punitive damages pursuant to O.C.G.A. § 51-12-5.1;

(d) attorneys' fees and litigation expenses; and

(e) such other and further relief as the Court deems just and proper.

This 10th day of August, 2015.

s/ J. Brian King
J. Brian King
Georgia Bar No. 420948

s/ John A. Donsbach
John A. Donsbach
Georgia Bar No. 225827

Attorneys for Plaintiffs and
Third-Party Defendant

8

Donsbach & King, LLC
P.O. Box 212139
Martinez, Georgia  30917-2139
Telephone:  (706) 650-8750
Facsimile:  (706) 651-1399
Email:  bking@donsbachking.com
           jdonsbach@donsbachking.com

CERTIFICATE OF SERVICE

This is to certify that on this 10th day of August, 2015, the undersigned filed the foregoing ANSWER TO THIRD PARTY COMPLAINT AND COUNTERCLAIMS with the Clerk of Court using the CM/ECF system which will automatically send e-mail notifications of the filing to all counsel of record.

s/ J. Brian King<br>
J. Brian King