IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., | ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | CV 115-020 |
| DENNIS HAYDEN and TANYA HAYDEN, | ) ) | |
| Defendants/Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| ROBERT GIANCROCE, | ) ) | |
| Third-Party Defendant. | ) | |

_____

**O R D E R**
_____

In their Motion for Contempt, Sanctions, and Attorneys' Fees, Plaintiffs accuse Defendants of violating the terms of the July 28, 2015, Consent Order Authorizing Forensic Examination by purportedly failing to deliver in a timely manner all of their electronic devices to a forensic examiner. In consideration of the parties' briefs, and their arguments at the hearing held on August 18, 2015, the Court **DENIES** the motion, (doc. nos. 62-1, 62-2, 62-3), based on the following findings:

1. It is undisputed that the Consent Order does not establish a date-certain deadline for delivery of the electronic devices.

2. It is undisputed that the forensic examiner was not able to accept delivery of the electronic devices until Friday, August 7, 2015, after his retention by

Plaintiffs' counsel and his return to them of an executed confidentiality agreement, as required by the Consent Order.

3. It is undisputed that, by the next Friday, August 14, 2015, Defendants had delivered to the forensic examiner two iPhones, one iPad, and one MacBook Air laptop.

4. Defendant Dennis Hayden testified by affidavit that these four devices comprise "all of the computing devices" belonging to himself and Defendant Tanya Hayden.

5. While Plaintiffs doubt the truthfulness of Mr. Hayden's affidavit and believe there is at least one undelivered Android cell phone that falls within the scope of the Consent Order, the only evidence cited in support is woefully inadequate to support a finding of sanctionable conduct, *i.e.*, a cryptic reference to an Android device in one cell phone bill, and the fact that some text messages, authored by Defendants and produced in discovery, are green in color, which purportedly is a unique identifier of Android devices.

6. Plaintiffs' counsel conceded at the hearing that they will not know the significance of the Android reference in the cell phone bill until they depose Defendants, which to date they have not done.

As the Court held a hearing on August 18th, the Court **DIRECTS** the **CLERK** to terminate the request for a hearing. (Doc. no. 62-4.)

In light of the pending motion by defense counsel to withdraw from the case, the Court **DENIES WITH THE RIGHT TO REFILE** Defendants' Counter-Motion for Sanctions and Attorney's Fees. (Doc. no. 63.) Substitute counsel shall have fourteen days to refile said motion from the date of his or her appearance as counsel of record.

SO ORDERED this 19th day of August, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA