IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., <br>     *Plaintiffs/Counter-Defendants*, <br><br> v. <br><br> DENNIS HAYDEN and TANYA HAYDEN, <br>     *Defendants/Counter-Plaintiffs*, <br><br> and <br><br> ROBERT GIANCROCE, <br>     *Third-Party Defendant*. | Case No. 1:15-cv-020 <br><br> *Jury Trial Demanded* |

**DEFENDANTS/COUNTER-PLAINTIFFS'
MOTION TO DISMISS COUNT TWO OF PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

COME NOW Defendants/Counter-Plaintiffs Dennis Hayden and Tanya Hayden ("*Defendants*"), by and through their undersigned counsel of record, and file this their Motion to Dismiss Plaintiffs' Second Cause of Action, pursuant to the Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and states as follows:

INTRODUCTION

Plaintiffs allege three causes of action against Defendants: (1) Breach of Contract; (2) Unjust Enrichment; and (3) Declaratory Judgment. Defendants now move the Court to dismiss Plaintiffs' unjust enrichment claim pursuant to FRCP 12(b)(6). Plaintiffs' claims arise solely out of Defendants' alleged violations of the Non-Competition/Non-Solicitation/Non-Disparagement/Confidentiality Agreement (the "Agreement").

1

STANDARD OF REVIEW

To survive a motion to dismiss under FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact." *Aschfroft v. Iqbal*, 566 U.S. 662, 678 (2009); *accord Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289-90 (11th Cir. 2010). "A pleading that offers 'labels and conclusions' or formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations omitted).

ARGUMENT AND CITATION OF AUTHORITY

I.    The Court Should Dismiss Plaintiffs' Unjust Enrichment Claim (Count II)

A.    Plaintiffs' Unjust Enrichment Claim Fails as a Matter of Law.

A claim for unjust enrichment can stand only "when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." *Tidikis v. Network for Med. Commc'ns & Research LLC*, 619 S.E.2d 481, 485 (Ga. App. 2005) (citation omitted). Further, "[a]n unjust enrichment theory does not lie where there is an express contract." *Cox v. Athens Regional Medical Center, Inc.*, 631 S.E.2d 792, 798 (Ga. App. 2006) (citation omitted). *See also Wideman v. Bank of America, N.A.*, Case No. 3:11-CV-145, 2011 WL 6749829, at *4 (M.D. Ga. Dec. 23, 2011) ("[U]nder Georgia law, a valid, express contract precludes a claim for unjust enrichment.").

Plaintiffs fail to allege any act by Defendants outside of the Agreement for which Plaintiffs could recover for unjust enrichment. Plaintiffs have pled that a valid contract existed between the parties: "The Agreement is a legally binding contract" and that Defendants allegedly breached said contract. Doc. No. 1, paras. 20-21. Through paragraph twenty-four of their

Complaint and within their claim of unjust enrichment, Plaintiffs incorporated the allegations of a valid contract and the breach thereof. Doc. No. 1, para. 24. Plaintiffs have not brought the unjust enrichment claim as an alternative theory in the event that its breach of contract claim fails but have improperly brought the claim as a separate tort action. *Somerson v. McMahon*, 956 F.Supp.2d 1345, 1357 (N.D. Ga. 2012) ("Because plaintiff asserts unjust enrichment as a separate tort claim and not as an alternative theory of recovery for any failed contract, plaintiff's claim must be dismissed."). Plaintiff's claim for unjust enrichment should be dismissed because such a claim may not stand when a plaintiff has alleged the existence of a valid contract.

      B.    Plaintiffs' Unjust Enrichment Claim Should be Dismissed because Plaintiff has Failed to Allege the Elements of Unjust Enrichment.

"A claim for unjust enrichment must show: (1) plaintiff has conferred [a] benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *DeSouza v. Fed. Home Mortg. Corp.*, Case No. 1:10-cv-00130, Doc. No. 37, f.n. 10 (J. Hall, S.D. Ga. Aug. 6, 2012). *See also Cochran v. Ogletree*, 536 S.E.2d 194, 196 (Ga. App. 200) ("The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated.").[1] Plaintiffs have alleged no benefit conferred by them upon Defendants. Plaintiffs also failed to allege Defendants accepted any

---

[1] "The theory of unjust enrichment is basically an equitable doctrine that the benefitted party equitably ought to either return or compensate for the conferred benefits when there was no legal contract to pay. For unjust enrichment to apply either in law or equity, the party conferring the labor and things of value must act with the expectation that the other will be responsible for the cost. The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received." *Morris v. Britt*, 620 S.E.2d 422, 424 (Ga. App. 2005).

benefit conferred by Plaintiffs. Plaintiffs only make the bare allegation that "[a]s a result of Defendants' actions, Defendants have been unjustly enriched." Doc. No. 1, para. 25. Not only do all of the allegations arise out of the contract, but Plaintiffs have failed to state any of the elements necessary to form a claim of unjust enrichment.

## CONCLUSION

Wherefore Defendants respectfully request the Court to dismiss Plaintiffs' claim for unjust enrichment pursuant to FRCP 12(b)(6).

This 5th day of November, 2015.

/s/ Nathan E. Huff
Nathan E. Huff
Ga. Bar No. 773611
Attorney for Defendants
nhuff@nehlaw.com

Law Office of Nathan E. Huff
228 Baston Road
Augusta, GA 30907
(706) 922-3104

**CERTIFICATE OF SERVICE**

4

I hereby certify that on this date I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 5th day of November, 2015.                    /s/ Nathan E. Huff
                                                   Nathan E. Huff