UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| DANIEL HAYDEN and HAYDENS INTERNATIONAL GYMNASTICS ACADEMY, INC., | ) ) ) |
| Plaintiffs/Counter-Defendants, | ) ) |
| v. | ) Civil Action No. 1:15-cv-020 ) |
| DENNIS HAYDEN and TANYA HAYDEN, | ) ) |
| Defendants/Counter-Plaintiffs, | ) **JURY TRIAL DEMANDED** ) |
| and | ) ) |
| ROBERT GIANCROCE, | ) ) |
| Third-Party Defendant. | ) ) |

## AMENDED COMPLAINT

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned counsel, for an Amended Complaint against Defendants, with the express written consent of Defendants' counsel, respectfully allege as follows:

PARTIES AND JURISDICTION

Plaintiffs

1. Plaintiff Daniel Hayden is a citizen of Georgia. His domicile is in Georgia, and he resides at 4375 Marshall Way, Evans, Georgia 30809. Daniel Hayden is subject to the jurisdiction and venue of this Court.

2. Plaintiff Haydens International Gymnastics Academy, Inc. ("HIGA") is a corporation incorporated under the laws of Georgia. The principal place of business is located at

1

4300 Evans to Locks Road, Evans, Georgia 30809.  HIGA is a citizen of Georgia.  HIGA is subject to the jurisdiction and venue of this Court.

Defendants

3. Defendant Dennis Hayden is a citizen and resident of Pennsylvania.  He is domiciled in Pennsylvania.  He is subject to the jurisdiction of this Court.  Defendant's residence address is 746 Gregs Drive, Harrisburg, Pennsylvania 17111, and his work address is 20 Bradford Boulevard, Harrisburg, Pennsylvania 17112.  Defendant may be served at Artistic Sports Academy Plus, 20 Bradford Boulevard, Harrisburg, Pennsylvania 17112.

4. Defendant Tanya Hayden is a citizen and resident of Pennsylvania.  She is domiciled in Pennsylvania.  She is subject to the jurisdiction of this Court.  Defendant's residence address is 746 Gregs Drive, Harrisburg, Pennsylvania 17111, and her work address is 20 Bradford Boulevard, Harrisburg, Pennsylvania 17112.  Defendant may be served at Artistic Sports Academy Plus, 20 Bradford Boulevard, Harrisburg, Pennsylvania 17112.

Jurisdiction and Venue

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  For diversity jurisdiction purposes, the citizenship of a corporation is the state of incorporation and the state of its principal place of business.  This matter is between citizens of Georgia (Plaintiffs) on the one hand and citizens of Pennsylvania (Defendants) on the other.

6. This Court has personal jurisdiction over Defendants because they entered into a contract with Plaintiffs in Georgia while they resided in Georgia, and this action arises out of Defendants' breach of that contract caused by their acts and/or omissions within Georgia and/or

affecting Georgia residents, including Plaintiffs.  Furthermore, Defendants specifically consented to jurisdiction in this Court pursuant to the contract.  The exercise of jurisdiction over Defendants by this Court would not offend traditional notions of fair play and substantial justice.  Similarly, it would not offend the due process clauses of the federal and state constitutions.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the contract was entered into in Georgia and a substantial part of the events giving rise to the claims in this action occurred within Georgia and/or affect Georgia residents.  Furthermore, Defendants specifically waived any venue objections against the federal courts in Georgia for all actions arising out of or in connection with the interpretation or enforcement of the contract.

## FACTUAL ALLEGATIONS

8. On May 14, 2014, Dennis and Tanya Hayden entered into a Non-Competition/Non-Solicitation/Non-Disparagement/Confidentiality Agreement ("Agreement"), attached as **Exhibit A**, with Daniel Hayden and HIGA.  Pursuant to the Agreement, Dennis and Tanya Hayden agreed not to directly or indirectly compete with HIGA within the Restricted Territory, as defined in the Agreement.

9. Dennis and Tanya Hayden also agreed to keep confidential the Confidential Information, as defined in the Agreement, within the Restricted Period, as defined in the Agreement.

10. They also agreed not to solicit employees, suppliers, or customers of HIGA.

11. On or about November 28, 2014, Tanya Hayden, on behalf of herself and her husband, Dennis Hayden, solicited business for their daughter, Cassie Hayden, and her business partner, Candice Kobert, on Facebook for their new business called C&C Gymnastics, LLC.  The Facebook message is attached as **Exhibit B**.

12. According to counsel for Cassie Hayden and Candice Kobert, at least as of December 15, 2014, they intended to start a gym competing with HIGA at the beginning of 2015 within the Restricted Territory. Their intent was confirmed on the website and Facebook page for C&C Gymnastics, LLC, as shown by **Exhibit C**. The gym is now open.

13. Section 5 of the Agreement provides for liquidated damages in the event of a breach. Dennis and Tanya Hayden's violation has occurred during the first year following the date the Agreement was executed. Therefore, Dennis and Tanya Hayden are required pursuant to the Agreement to pay Plaintiffs $75,000 in liquidated damages.

14. Dennis and Tanya Hayden have engaged in conduct that violated the non-compete provisions of the Agreement, including, but not limited to, their assistance of Cassie Hayden, Candice Kobert, and C&C Gymnastics, LLC.

15. Pursuant to the Agreement, that amount may be offset by canceling any balance due and payable on the $75,000 Promissory Note owed to Dennis and Tanya Hayden referenced in the Agreement. Therefore, nothing further should be owed on the note.

16. Defendants have caused damages to Plaintiffs.

17. Section 4 of the Agreement provides that Plaintiffs may recover all damages available under law, including reasonable attorney's fees and other litigation expenses.

18. Section 4 of the Agreement also grants Plaintiffs the right to injunctive relief against Defendants.

19. Section 6 of the Agreement provides that in the event that Defendants breach any or all of the restrictive covenants in the Agreement, the running of the restrictions set forth in the sections breached shall be tolled during the continuance of any such breach, and the running of

the period of such restrictions shall commence again only upon compliance by Defendants with the terms of the applicable section breached.

## FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

20. Plaintiffs reiterate and reallege paragraphs 1 through 19 as though set forth herein verbatim.

21. The Agreement is a legally binding contract.

22. Defendants breached the contract in bad faith when they failed to comply with the terms of the contract.

23. Defendants knew, or reasonably should have known, that if they failed to comply with the terms of the contract, Plaintiffs would suffer damages.

24. As a result of Defendants' breach of contract, Plaintiffs suffered damages. Plaintiffs seek compensation for those damages. In addition, Plaintiffs seek liquidated damages in the amount of $75,000. Plaintiffs also seek costs of this action and attorneys' fees.

## FOR A SECOND CAUSE OF ACTION
(Unjust Enrichment)

25. Plaintiffs repeat and incorporate their responses to paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiffs plead unjust enrichment as an alternative theory to the cause of action for breach of contract.

27. As a result of Defendants' actions, Defendants have been unjustly enriched.

28. Defendants benefitted from the sale of their business, a transaction that included restrictive covenants agreed to by Defendants.

29. Defendants voluntarily sold their business, accepted payment and a promissory note, and retained the benefits of the sale.

30. The circumstances, including Defendants' breach of the Agreement, are such that it would be inequitable for Defendants to retain the benefits, including the future receipt of funds pursuant to the promissory note.

31. Defendants should be required to compensate Plaintiffs for such benefits.

32. As a result of Defendants' actions, Plaintiffs suffered damages.

33. Plaintiffs seek damages, attorneys' fees, and costs of this action.

## FOR A THIRD CAUSE OF ACTION
(Declaratory Judgment)

34. Plaintiffs repeat and incorporate their responses to paragraphs 1 through 33 as if fully set forth herein.

35. Pursuant to section 6 of the Agreement, Defendants' breach of the restrictive covenants contained in the Agreement toll the running of the restrictions.

36. Plaintiffs seek a declaration from this Court that the running of the restrictive covenants are tolled from November 28, 2014, or an earlier date if Defendants breached the Agreement before that date, until this case is resolved by the latter to occur: the entry of a final order in this case or the entry of a final order in any final appeal by any party to this action.

## JURY DEMAND

37. Plaintiffs request a trial by jury.

## RELIEF REQUESTED

Wherefore, Plaintiffs pray for judgment against Defendants and all available relief including, but not limited to, the following:

(a) actual damages in an amount to be determined at trial, attorneys' fees, and costs of this action;

(b) liquidated damages in the amount of $75,000;

(c) an injunction against Defendants;

(d) a declaration that the running of the restrictive covenants is tolled; and

(e) such other and further relief as the Court deems just and proper.

This 19th day of November, 2015.

          s/ J. Brian King
          J. Brian King
          Georgia Bar No. 420948

          s/ John A. Donsbach
          John A. Donsbach
          Georgia Bar No. 225827

          Attorneys for Plaintiffs
          Donsbach & King, LLC
          P.O. Box 212139
          Martinez, Georgia 30917-2139
          Telephone: (706) 650-8750
          Facsimile: (706) 651-1399
          Email: bking@donsbachking.com
             jdonsbach@donsbachking.com

CERTIFICATE OF SERVICE

This is to certify that on this 19th day of November, 2015, the undersigned filed the foregoing AMENDED COMPLAINT, with the Clerk of Court using the CM/ECF system which will automatically send e-mail notifications of the filing to all counsel of record.

s/ J. Brian King<br>
J. Brian King